590 S.E.2d 683

Daniel MROTEK, an Individual,
Plaintiff Below, Appellant,

v.

COAL RIVER CANOE LIVERY, LTD., d/b/a Elk River Outfitters, d/b/a Elk Mountain Outfitters, Inc., d/b/a Elk Mountain Outfitters, Defendants Below, Appellees,

and

Elk Mountain Outfitters, Inc., a Corporation, Defendant/Third–Party Plaintiff Below, Appellees,

v.

Skis Dynastar, Inc., d/b/a Dynastar and Adidas America Incorporated, d/b/a Salomon North American, Inc., Third–Party Defendants Below, Appellees.

No. 31395.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 18, 2003.

Decided Dec. 3, 2003.

Larry E. Losch, William A. McCourt, Jr., Summersville, for Appellant.

William J. Hanna, Robert P. Lorea, Flaherty, Sensabaugh & Bonasso, Charleston, for Appellee Elk Mountain Outfitters, Inc.

Rob J. Aliff, Jackson & Kelly, Charleston, for Appellee Skis Dynastar.

Robert M. Steptoe, Jr., Steptoe & Johnson, Clarksburg, for Appellee Adidas American, Inc.

M. Hance Price, Steptoe & Johnson, Martinsburg, for Adidas American, Inc.

PER CURIAM.

This appeal was filed by Daniel Mrotek, appellant/plaintiff below (hereinafter referred to as "Mr. Mrotek"), from an order of the Circuit Court of Pocahontas County granting summary judgment in favor of Coal River Canoe, Ltd., d/b/a Elk Mountain Outfitters, Inc. (hereinafter referred to as "EMO"), appellee/defendant below. Mr. Mrotek filed an action against EMO alleging that he sustained injuries as a result of his use of an allegedly defective ski that he rented from EMO. The circuit court granted summary judgment on two alternative grounds. The circuit court found that Mr. Mrotek did not produce any evidence of negligence on the part of EMO. Alternatively, the court found that Mr. Mrotek signed a valid release of his right to sue EMO for any injury caused by its equipment. In this appeal, Mr. Mrotek contends that genuine issues of material fact are in dispute as to whether EMO supplied him with a defective ski and that the release from liability he signed was unenforceable. Upon review of the briefs and record in this case, we affirm.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Mr. Mrotek is a resident of Florida. On December 28, 1997, Mr. Mrotek and a group of seven friends came to Snowshoe, West Virginia, for a four day skiing vacation. Upon their arrival, Mr. Mrotek and some of his companions rented skiing equipment from EMO. As part of the rental transaction, EMO required all customers to read and execute a document releasing EMO from any harm caused by its equipment. Mr. Mrotek signed the release.

Shortly after renting the ski equipment, Mr. Mrotek and his companions ventured off to engage in night skiing. During the first run of the evening Mr. Mrotek fell and apparently hit his head. A skiing companion, Herman Serpa, saw Mr. Mrotek fall and came to his aid. Mr. Serpa states that he noticed that a toe binding on Mr. Mrotek's right ski was missing. Mr. Serpa states that he found the toe binding with three rusty screws protruding from it. The toe binding was allegedly thrown away by either Mr. Serpa or Mr. Mrotek. However, neither man appears to have recalled who threw away the toe binding.

Mr. Serpa allegedly returned the defective ski and received a replacement. Mr. Mrotek did not report the incident to EMO even though, as a result of the fall, he allegedly "became very dizzy, sick at his stomach with vomiting along with severe headaches."

Upon returning to Florida, Mr. Mrotek sought medical treatment for blurred vision, nausea and exhaustion. A medical examination revealed Mr. Mrotek suffered from Papilledema, i.e., fluid on the brain caused by a damaged ventricle. On February 16, 1998, Mr. Mrotek underwent surgery to place a shunt in his skull to drain the excess fluid. Due to complications, Mr. Mrotek eventually underwent three more surgeries. Although Mr. Mrotek has recovered from the problems caused by the excess fluid, he must permanently have "a small tube running underneath his skin from his brain down his neck and into his heart to maintain the pressure and stability inside his skull."

Mr. Mrotek filed this action against EMO

in 1999,[1] alleging EMO supplied him with a defective ski which caused him to fall and sustain a head injury.[2] After a period of discovery, EMO moved for summary judgment. By order entered June 17, 2002, the circuit court granted summary judgment in favor of EMO.[3] This appeal is a result of the circuit court's ruling.

## II.

### STANDARD OF REVIEW

 The standard for our review of an order granting summary judgment is well established. "A circuit court's entry of summary judgment is reviewed *de novo.*" Syl. pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Insofar as " 'appellate review of an entry of summary judgment is plenary, this Court, like the circuit court, must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor.' " *Provident Life and Accident Ins. Co. v. Bennett,* 199 W.Va. 236, 238, 483 S.E.2d 819, 821 (1997) (quoting *Asaad v. Res–Care, Inc.,* 197 W.Va. 684, 687, 478 S.E.2d 357, 360 (1996)). We have made clear that "summary judgment is appropriate [only] if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " *Pritt v. Republican Nat'l Comm.,* 210 W.Va. 446, 452, 557 S.E.2d 853, 859 (2001) (quoting W. Va.R. Civ. P. 56(c)). Further, "[s]ummary judgment is appropriate where the rec-

ord taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. pt. 4, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). With these standards as our guide, we now address the issues asserted on appeal.

## III.

### DISCUSSION

 The dispositive issue in this case is the determination by the circuit court that Mr. Mrotek "failed to identify any act or omission allegedly committed by EMO which in any way caused or contributed to the alleged skiing accident." This Court has observed that "[i]t is an elementary principle of law that negligence will not be imputed or presumed. The bare fact of an injury standing alone, without supporting evidence, is not sufficient to justify an inference of negligence." *Walton v. Given,* 158 W.Va. 897, 902, 215 S.E.2d 647, 651 (1975).[4] Moreover, "[n]egligence ... is a jury question when the evidence is conflicting or the facts are such that reasonable men may draw different conclusions from them." *Burgess v. Jefferson,* 162 W.Va. 1, 3, 245 S.E.2d 626, 628 (1978).

The primary evidence relied upon by Mr. Mrotek was the deposition testimony of Mr. Serpa. Mr. Mrotek presented the deposition

---

1. The record submitted on appeal is extremely sparse and does not contain the pleadings.

2. EMO filed a third-party complaint against the suppliers of the ski, Skis Dynastar, Inc. and Salomon North American, Inc., for indemnity or contribution.

3. The circuit court's order also dismissed EMO's third-party complaint.

4. Mr. Mrotek contends that the doctrine of res ipsa loquitur should be applied to the facts of this case to overcome summary judgment. "Pursuant to the evidentiary rule of res ipsa loquitur, it may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when (a) the event is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated

negligence is within the scope of the defendant's duty to the plaintiff." Syl. pt. 4, *Foster v. City of Keyser,* 202 W.Va. 1, 501 S.E.2d 165 (1997). Clearly, under the *Foster* formulation of res ipsa loquitur, the doctrine simply has no application to falling while skiing—which is an extremely frequent incident that can occur without any negligence. *See* Syl. pt. 2, *Farley v. Meadows,* 185 W.Va. 48, 404 S.E.2d 537 (1991) ("The doctrine of res ipsa loquitur cannot be invoked where the existence of negligence is wholly a matter of conjecture and the circumstances are not proved, but must themselves be presumed, or when it may be inferred that there was no negligence on the part of the defendant. The doctrine applies only in cases where defendant's negligence is the only inference that can reasonably and legitimately be drawn from the circumstances.").

testimony of Mr. Serpa to show that the toe binding on the right ski came loose. Mr. Serpa testified that he found a piece of the binding with three rusty screws protruding from it. There was also testimony by Mr. Serpa that he returned the defective ski to EMO and was given a replacement. There was also evidence to show that the skis rented by Mr. Mrotek were not tested for weakness by EMO prior to 1997–98 ski season.

EMO took the position that nothing happened to the skis that were rented to Mr. Mrotek. According to EMO's records the skis rented to Mr. Mrotek were returned in good condition and were rented out again the day after Mr. Mrotek returned them. EMO presented an affidavit from its management employee, Charlie McDaniels. Mr. McDaniels indicated that the bindings used on the skis rented by EMO were made of aluminum or were galvanized and would not rust.

In looking at the evidence in the light most favorable to Mr. Mrotek, we do not find a material issue of fact in dispute. EMO presented evidence to establish that no defect existed in the skis rented to Mr. Mrotek. In fact, there was evidence that Mr. Mrotek examined the skis before renting them and found nothing wrong. EMO also established that they had no record to show that Mr. Serpa or Mr. Mrotek turned in a broken ski. Mr. Mrotek presented bare testimonial evidence to show that a toe binding broke loose from the right ski. No actual evidence was introduced showing the defective ski or the parts that were allegedly broken from the ski. *See Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 61 n. 14, 459 S.E.2d 329, 338 n. 14 (1995) ("[S]elf-serving assertions without factual support in the record will not defeat a motion for summary judgment."). The only reasonable conclusion that could be reached from all the evidence is that Mr. Mrotek fell while skiing. The mere fact of falling while skiing is not actionable negligence. *See Painter v. Peavy,* 192 W.Va. 189, 192–93, 451 S.E.2d 755, 758–59 (1994) ("[T]he party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence,' and must produce

evidence sufficient for a reasonable jury to find in a nonmoving party's favor."); Syl. pt. 1, in part, *Parsley v. General Motors Acceptance Corp.,* 167 W.Va. 866, 280 S.E.2d 703 (1981) ("In order to establish a prima facie case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission[.]"). Consequently, summary judgment was appropriate under the facts of this case.[5]

### IV.

### CONCLUSION

In view of the foregoing, the circuit court's order granting summary judgment in favor of EMO is affirmed.

Affirmed.

5. Because we affirm the circuit court's initial reason for granting summary judgment, we need

not address the issue involving the release signed by Mr. Mrotek.