655 S.E.2d 106

**Esther GIBSON, Plaintiff Below, Appellant**

v.

**LITTLE GENERAL STORES, INC., Defendant Below, Appellee.**

**No. 33313.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 19, 2007.

Decided Nov. 8, 2007.

Shawn C. Gillispie, MacCorkle, Lavender, Casey & Sweeney, PLLC, Charleston, WV, for Appellee.

PER CURIAM:

Esther Gibson (hereinafter, "Gibson"), Appellant herein, appeals an order of the Circuit Court of Greenbrier County, West Virginia, which granted summary judgment in favor of Little General Store, Inc. (hereinafter, "Little General"), defendant below and Appellee herein. In her complaint below, Gibson alleged that she was injured when Little General's gasoline pump malfunctioned while she was filling her car with gasoline, resulting in the pump hose coming forcefully out of the car's gasoline nozzle and spraying her with gasoline. The circuit court found that Gibson was unable, despite being given additional time by the circuit court to obtain an expert witness, to produce evidence in response to Little General's motion for summary judgment, from which a trier of fact could consider her claim on a ground other than upon pure speculation and conjecture. This Court has before it the petition for appeal, all matters of record and the briefs and arguments of counsel. Upon the application *de novo* standard of review and for the reasons set forth below, we affirm the circuit court's order.

I.

### FACTUAL AND PROCEDURAL HISTORY

In her complaint, Gibson alleged that in undertaking to fill her vehicle with gasoline at the Little General location on Route 60, Charmco, Greenbrier County, she inserted the gasoline pump hose into the gasoline nozzle of her vehicle and started the pump. Thereafter, she maintained, the hose exploded out of the vehicle's nozzle and doused her in gasoline. As a result, Gibson claimed that she sustained multiple injuries for which she sought damages. The gravamen of her complaint, in her later filings with the circuit court, and in her petition for appeal with this Court was that the gasoline pump malfunctioned. Gibson did not make a specific allegation in her complaint that Little General

Douglas H. Arbuckle, Lewisburg, WV, for Appellant.

**362**

was negligent. Gibson also did not allege *res ipsa loquitur* in her complaint.

Following an opportunity for discovery, Little General moved for summary judgment contending that there were no genuine issues of material fact in dispute and that it was not liable to Gibson as a matter of law. Gibson countered the motion with her personal affidavit which simply reiterated the claim in her complaint that the "gas pump malfunctioned" and which disclaimed negligence on her part.

At a hearing on the motion, Gibson conceded that she did not have an expert witness to testify concerning the alleged malfunction of the gasoline pump. Thereafter, the circuit court gave Gibson forty-five additional days to find an expert and indicated that, absent an expert, the circuit court would have to grant Little General's motion. Gibson later acknowledged to the circuit court that she was unable to find an expert whose services she could afford to employ.

Finding that Gibson produced no evidence that the alleged gasoline spill was the result of a pump malfunction, that Gibson could produce no such evidence, and that the only thing which Gibson could produce was her own self-serving statements and a conclusory affidavit based upon unsupported speculation, the circuit court granted Little General's motion for summary judgment. Gibson contends on appeal that the circuit court erred in granting Little General's motion for summary judgment.

## II.

### STANDARD OF REVIEW

■ This appeal raises the issue of whether the circuit court erred in granting summary judgment herein to Appellee pursuant to Rule 56 of the West Virginia Rules

of Civil Procedure. "A circuit court's entry of summary judgment is reviewed *de novo.*" Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). "Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 4, *Painter.* With these principles in mind, we turn to the issues presented in this case.

## III.

### DISCUSSION

■ On appeal, Gibson presents one assignment of error, that the circuit court erred in granting Little General's motion for summary judgment. Gibson resisted summary judgment solely on the basis of personal claims, without supporting evidence, that Little General's gas pump malfunctioned and that she was not negligent in operating the pump. Gibson did not allege that Little General's negligence caused the pump to malfunction.[1]

Our decisions interpreting and applying Rule 56 of the *West Virginia Rules of Civil Procedure* demonstrate both the importance of its role in our litigation system and the parties' respective burdens regarding the same. As Justice Cleckley stated in *Williams v. Precision Coil Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995),

Rule 56 of the West Virginia Rules of Civil Procedure plays an important role in litigation in this State. It is designed to effect a prompt disposition of controversies on their merits without resort to a lengthy

---

1. We observe that Gibson likewise did not raise any claim in her pleadings based upon the theory of *res ipsa loquitur.* As we recently observed in *Kyle v. Dana Transport, Inc.,* 220 W.Va. 714, 717, 649 S.E.2d 287, 290 (2007), *res ipsa loquitur* is an evidentiary doctrine that "operates as an exception to the general rule that negligence cannot be presumed." *Kyle,* 220 W.Va. at 717, 649 S.E.2d at 290 (citation omitted). Even had she raised this doctrine, summary judgment would still have been appropriate. Gibson failed to submit any circumstantial evidence of negligence on the part of Little General. By failing to submit such evidence, lay or expert, as to the cause of her alleged accident, Gibson failed the first requirement for *res ipsa loquitur,* i.e., to show that the accident was of a kind that normally would not have occurred in the absence of Little General's negligence. Gibson similarly failed to satisfy the second requirement for *res ipsa loquitur,* i.e., of ruling out other responsible causes of the accident, including her own conduct.

trial, if there essentially is no real dispute as to salient facts or if it only involves a question of law. Indeed, it is one of the few safeguards in existence that prevent frivolous lawsuits from being tried which have survived a motion to dismiss. Its principal purpose is to isolate and dispose of meritless litigation.

*Williams,* 194 W.Va. at 58, 459 S.E.2d at 335 (internal quotations and citations omitted). Pursuant to Rule 56(e) of the *West Virginia Rules of Civil Procedure,*

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

 In *Powderidge Unit Owners Association v. Highland Properties, Ltd.,* 196 W.Va. 692, 474 S.E.2d 872 (1996), Justice Cleckley discussed the parties' burdens relative to motions for summary judgment. Therein he stated,

Under our summary judgment standard, a party seeking summary judgment must make a preliminary showing that no genuine issue of material fact exists. This means the movant bears the initial responsibility of informing the circuit court of the basis of the motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. However, the movant does not need to negate the elements of claims on which the nonmoving party would bear the burden at trial.

The movant's burden is only [to] point to the absence of evidence supporting the nonmoving party's case. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. If the movant, however, does make this showing, the nonmovant must go beyond the pleadings and contradict the showing by pointing to specific facts demonstrating a "trialworthy" issue. To meet this burden, the nonmovant must identify specific facts in the record and articulate the precise manner in which that evidence supports its claims. As to material facts on which the nonmovant will bear the burden at trial, the nonmovant must come forward with evidence which will be sufficient to enable it to survive a motion for directed verdict at trial. If the nonmoving party fails to meet this burden, the motion for summary judgment *must* be granted.

*Powderidge,* 196 W.Va. at 698–9, 474 S.E.2d at 878–9 (internal quotations and citations omitted) (emphasis in original). Addressing the burden imposed by Rule 56 on a party opposing a summary judgment motion, such as Gibson herein, we held at Syllabus Point 3 of *Williams* that,

If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the nonmoving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

Syl. Pt. 3, *Williams.* "The evidence illustrating the factual controversy cannot be conjectural or problematic." *Id.* 194 W.Va. at 60, 459 S.E.2d at 337. "[S]elf-serving assertions without factual support in the record will not defeat a motion for summary judgment." *Williams,* 194 W.Va. at 61, n. 14, 459 S.E.2d at 338, n. 14, citing *McCullough Oil Inc. v. Rezek,* 176 W.Va. 638, 346 S.E.2d 788 (1986). *See also Mrotek v. Coal River Canoe Livery, Ltd.,* 214 W.Va. 490, 493, 590 S.E.2d 683, 686 (2003) *(per curiam),* quoting *Williams.* Indeed, "unsupported speculation is insufficient to defeat a summary judgment motion." *Williams,* 194 W.Va. at 61, 459 S.E.2d at 338, quoting *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987).

Despite an additional time period provided to Gibson by the circuit court herein to de-

velop evidence sufficient to rebut Little General's summary judgment motion, Gibson failed to produce any such evidence. Rather, Gibson's claim that the gasoline pump malfunctioned is based solely upon her own unsubstantiated opinion and conclusory speculation. The bare fact of an injury standing alone, without supporting evidence, is not sufficient to justify an inference of negligence. *Mrotek*, 214 W.Va. at 493, 590 S.E.2d at 686 (2003). The circuit court therefore did not err in finding that there were no genuine issues of material fact in dispute, and that Gibson had failed to produce evidence through discovery, or in response to Little General's summary judgment motion, sufficient to permit a trier of fact to consider such claims without completely basing its determination upon pure speculation and conjecture. Little General was entitled to summary judgment as a matter of law based upon Gibson's failure to provide any evidence to support her claim of a malfunctioning gasoline pump.

### IV.

### CONCLUSION

The Circuit Court of Greenbrier County properly granted summary judgment in favor of Appellee, Little General. Accordingly, we affirm the Circuit Court of Greenbrier County's June 2, 2006, order.

**Affirmed.**