# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Robert Scott McQuade,**
**Plaintiff Below, Petitioner**

**FILED**

March 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-0947** (Mercer County 12-C-177)

**Bayless Law Firm, PLLC,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert Scott McQuade, appearing *pro se*, appeals the August 28, 2013 order of the Circuit Court of Mercer County that granted summary judgment to respondent on petitioner's claim of legal malpractice. Respondent Bayless Law Firm, PLLC, by counsel Stephen P. New, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 27, 2007, petitioner retained respondent to represent him in a possible claim against Concord University. Petitioner had applied for a plumber's position at Concord in October of 2006. Concord hired another applicant for the position in January of 2007. Petitioner believed that Concord's failure to hire him constituted retaliation for his earlier filing of a successful wage claim against one of Concord's contractors.

Respondent did not file such an action on petitioner's behalf, nor did respondent timely inform petitioner that its investigation did not support a claim of retaliation, prior to the expiration of the two-year statute of limitations on petitioner's potential cause of action. In April of 2010, respondent met with petitioner and explained that there was no proof to support his claim. Respondent also advised petitioner that the statute of limitations had run on filing a retaliation claim.

Petitioner sued respondent on March 29, 2012, alleging that his rights had been violated by respondent's failure to file an action on his behalf. In its August 28, 2013 order granting respondent's motion for summary judgment, the circuit court found that viewing petitioner's complaint in the most favorable light, "[petitioner], at best, may have a cause of action for malpractice or negligence against [respondent]." The circuit court noted that in an action against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) the

1

attorney's employment; (2) her neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff. *See* Syl. Pt. 1, *Calvert v. Scharf*, 217 W.Va. 684, 619 S.E.2d 197 (2005). In addition, "[i]n an attorney malpractice action, proof of the attorney's negligence alone is insufficient to warrant recovery; it must also appear that the client's damages are the direct and proximate result of such negligence." Syl. Pt. 3, *Id.* (Internal quotations and citations omitted.). The circuit court concluded as follows:

> 7.      Supposition or conjecture by [petitioner] is insufficient to carry his burden of proof regarding liability in the underlying case. Before [petitioner] can prevail here, he must provide substantial evidence that, had suit been filed against Concord for failing . . . to hire him due to retaliation, it is more likely than not that [petitioner] would have obtained a favorable result. . . . Other than his own belief in his qualifications, [petitioner] has come forward with no proof to support [this] requirement.

> 8.      [Petitioner] has essentially admitted that he has no such proof. Even if [petitioner] could prove that he should have been hired by Concord to the exclusion of all other applicants for the position, [petitioner] must prove his damages. He has submitted no supporting affidavits to the Court as provided for in Rule 56 [of the West Virginia Rules of Civil Procedure]. He has taken no depositions. He has not filed, and indeed has refused to provide discovery responses which support his claims.

> 9.      Looking at all evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party.

> 10.     There are no genuine issues of material fact and, as a matter of law, [respondent] is entitled to a grant of summary judgment. [Petitioner] has had sufficient time to develop and prepare his case. . . .

Petitioner now appeals the circuit court's August 28, 2013 order granting respondent summary judgment on petitioner's claim of legal malpractice. "A circuit court's entry of summary judgment is reviewed *de novo.*" Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Pursuant to Rule 56(c), summary judgment is proper when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Furthermore, "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 4, *Painter.*

On appeal, petitioner states that it is undisputed that respondent was negligent in not timely informing him of its opinion that his retaliation claim was not viable. Respondent counters that petitioner's discovery responses demonstrated that petitioner did not intend to prove that its failure to file an action led to any actual loss by him.

This Court notes that respondent failed to file an action on petitioner's behalf after respondent's investigation revealed that petitioner possessed no viable cause of action. Petitioner obviously disagrees with his former attorney's assessment of his claim; however, petitioner's subjective belief that he had a viable action does not constitute evidence that he did. In *Gibson v. Little General Stores, Inc.*, 221 W.Va. 360, 364, 655 S.E.2d 106, 110 (2007), the Court affirmed a summary judgment where the circuit court determined that the plaintiff had failed to produce evidence sufficient to have allowed a trier of fact to consider her claims "without completely basing its determination upon pure speculation and conjecture." Similarly, in the instant case, petitioner argues that he is entitled to a jury trial even though he offers nothing but his personal opinion that respondent's failure caused him to suffer a loss. Therefore, the Court concludes that the circuit court did not err in granting respondent summary judgment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 14, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3