# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Don Boardwine,**
**Plaintiff Below, Petitioner**

**FILED**

September 11, 2015
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

**vs)   No. 14-1083** (Kanawha County 13-C-1912)

**Kanawha Charleston Humane Association,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Don Boardwine, *pro se*, appeals the September 25, 2014, order of the Circuit Court of Kanawha County that granted summary judgment in favor of respondent as to petitioner's claim that respondent owed petitioner payment for a veterinary bill. Respondent Kanawha Charleston Humane Association, by counsel David J. Mincer and Michael W. Taylor, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 20, 2010, petitioner and a friend adopted a dog from respondent, and paid an adoption fee. The next morning, the dog, Chestnut, had to be taken to a veterinarian for vomiting. The veterinarian tested and treated Chestnut for Parvo.[1] Subsequently, petitioner sued respondent in the Circuit Court of Kanawha County for the cost of Chestnut's veterinary treatment, $441.00.[2] Respondent filed a motion to dismiss petitioner's action alleging that such a suit could be brought only by Chestnut's owner, who was petitioner's friend. Following a hearing on December 11, 2012—at which petitioner did not appear—the circuit court granted respondent's motion and dismissed the action. Petitioner appealed the dismissal arguing that the notice for the December 11, 2012, hearing was deficient. In *Boardwine v. Kanawha Charleston Humane Ass'n*, No.

---

[1] Parvo is "a highly contagious febrile disease of dogs that is caused by a parvovirus . . . and that is marked by loss of appetite, lethargy, often bloody diarrhea and vomiting, and sometimes death." *Boardwine v. Kanawha Charleston Humane Ass'n*, No. 13-0067, 2013 WL 5989159, at *1 n. 1 (West Virginia Supreme Court, November 12, 2013) (memorandum decision) (internal quotations and citations omitted).

[2] Initially, petitioner also sought an injunction to enjoin respondent from offering diseased dogs for adoption; however, petitioner is no longer pursuing injunctive relief.

1

13-0067, 2013 WL 5989159 (West Virginia Supreme Court, November 12, 2013) (memorandum decision), this Court reversed the dismissal and remanded the case for further proceedings. *Id.* at *3.

Following a period of discovery, respondent filed a motion for summary judgment. The circuit court heard the parties' arguments on the motion on August 20, 2014. By order entered September 25, 2014, the circuit court granted respondent summary judgment finding that (1) petitioner was not Chestnut's owner at the time of the veterinary treatment; (2) petitioner knew Chestnut was sick at the time of the dog's adoption; (3) assuming *arguendo* that petitioner was the owner, he did not suffer any damages;[3] and (4) the adoption agreement released respondent from liability for an adopted animal that is sick.

Petitioner now appeals the circuit court's September 25, 2014, order awarding summary judgment to respondent. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 190, 451 S.E.2d 755, 756 (1994). Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment shall be granted provided that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Furthermore, "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party[.]" Syl. Pt. 4, in part, *Painter*, 192 W.Va. at 190, 451 S.E.2d at 756.

Preliminarily, we note that in arguing for affirmation of the circuit court's order, respondent relies extensively—as it did in the proceedings below—on petitioner's deposition testimony. However, by order entered July 10, 2015, this Court (on its own motion) struck the transcript of petitioner's deposition from the record on appeal because the transcript was never admitted into evidence below. Having determined that petitioner's deposition testimony cannot be utilized, we address only the second ground on which respondent was awarded summary judgment[4]—whether petitioner received what he "bargained for" because he knew Chestnut was sick at the time of the dog's adoption.

Petitioner does not dispute that he knew Chestnut had been vomiting when the dog was adopted. However, petitioner contends that he accepted the explanations of respondent's staff that the vomiting would resolve itself without veterinary intervention. At the August 20, 2014, hearing, petitioner identified the staff persons as a receptionist and a manager/euthanasia technician, neither of whom was a licensed veterinarian. Therefore, petitioner based his belief that Chestnut's

---

[3] Chestnut made a full recovery.

[4] Respondent urges this Court to affirm the grant of summary judgment in its favor based, in part, on the release of liability contained in the adoption agreement. We decline to address the issue of the release because it is possible that petitioner's deposition testimony was relevant to the validity of the release. *See* Syl. Pt. 1, *Cassella v. Weirton Const. Co.*, 161 W.Va. 317, 241 S.E.2d 924, 925 (1978) (extrinsic evidence is admissible to show circumstances surrounding transaction involving release of liability).

2

illness would pass on the speculation of two lay persons. "[U]nsubstantiated opinion and conclusory speculation" are insufficient to create a genuine issue of material fact. *Gibson v. Little General Stores, Inc.*, 221 W.Va. 360, 364, 655 S.E.2d 106, 110 (2007). Petitioner knew Chestnut had been vomiting. No rational trier of fact would believe that petitioner did not also know that if the vomiting continued unabated, he would have to take Chestnut to the veterinarian or risk the dog's life. Accordingly, assuming *arguendo* that petitioner paid the veterinary bill,[5] petitioner knew that he might have to incur such a cost at the time of the dog's adoption. We conclude that the circuit court did not err in awarding summary judgment to respondent.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Kanawha County and affirm the circuit court's September 25, 2014, order granting respondent's motion for summary judgment.

Affirmed.

**ISSUED:**   September 11, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5] The parties dispute whether petitioner paid the $441.00 bill.