# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Eugene M. Wilson,**
**Plaintiff Below, Petitioner**

**vs)   No. 17-0539** (Upshur County 16-C-66)

**Polino Enterprises, Inc.,**
**a West Virginia Corporation,**
**Defendant Below, Respondent**

**FILED**

**May 18, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Eugene M. Wilson, pro se, appeals the May 22, 2017, order of the Circuit Court of Upshur County granting Respondent Polino Enterprises, Inc.'s motion for summary judgment. Respondent, by counsel Bridgette R. Wilson, filed a response.

The Court has considered the parties' briefs and the record on appeal.[1] The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties own adjacent parcels of real property in Upshur County, West Virginia. According to petitioner, his land borders respondent's property on the latter's western and southern boundaries. On July 11, 2016, petitioner filed a complaint in the Circuit Court of Upshur County alleging that respondent had created a nuisance on the western boundary of its property that was damaging his farmland and also claiming ownership by adverse possession of a strip of land 40 feet wide and 1,010 feet long along the southern boundary of respondent's property.

With regard to the western boundary, petitioner first alleged that trees on respondent's side

---

[1]The appellate record consists of the appendix filed by petitioner. On October 19, 2017, respondent filed a motion to file a supplemental appendix and to be awarded "costs and expenses incurred in preparing the [s]upplemental [a]ppendix." The supplemental appendix was not filed with the motion. By order entered November 13, 2017, we granted the motion to file a supplemental appendix and deferred ruling on the motion for costs. No supplemental appendix was subsequently filed. Therefore, we deny the motion for costs.

1

of the property line were nuisances because of "[d]amage to the production (yield and quality) of crops as a result of invasion by roots and shading." For this alleged crop damage, petitioner asked for $100 per year for a total of $4,500 from May of 1969 through 2014 when he originally filed an action in the Magistrate Court of Upshur County.[2] Petitioner also sought unspecified "labor and equipment cost[s] of removing branches and limbs of trees fallen" on his farmland. Finally, petitioner requested that respondent remove deer stands placed in trees near the property line because he had "no way of policing the killing of deer" on his property.[3]

With regard to the southern boundary, petitioner claimed that he has possessed the 40 feet wide, 1,010 feet long strip of land along that property line since 1969 to the present adversely to the ownership interests of respondent and its predecessors-in-title, listing the past owners from 1940 to 2010. Petitioner noted that he has harvested wood from the area and has also used it for a gas pipeline pursuant to a right-of-way.

The circuit court entered a scheduling order on September 15, 2016, which set March 31, 2016, as the date by which discovery must be completed and the pretrial motions filed. The parties engaged in little, if any, discovery. However, on March 30, 2016, respondent filed a motion for summary judgment on petitioner's claims and attached an August 1, 2012, letter from petitioner to respondent's president. The letter regarded the care of boundary areas "between [o]ur [p]ropeties to [c]orrect [o]wnership of [s]pace and [l]and of [the] two [p]roperties." In the letter, petitioner noted that respondent previously agreed to his "cutting overhanging limbs and dragging them back to the wooded area of [respondent's] property," but that the proposal would restrict his cutting of tree limbs to those "no higher than 25 to 30 feet from the ground level." Consequently, petitioner made a counterproposal and requested that respondent "clear-cut all the area 40 feet from our fenced border to remove the encroaching limbs and roots of trees from you[r] forested land." Petitioner's letter explained:

> In the past[,] the owners of these two properties agreed to the clear cutting and keeping the forested land from overgrowing the cultivated fields involved. I have neglected enforcement of the agreement between Mr. Robert Woofter[, a previous owner of respondent's property,] and my father. As a result, [I] have suffered economic loss during the past 50 years and [am] suffering economic loss each year

---

[2]The magistrate court dismissed petitioner's original action, finding that it lacked the jurisdiction to adjudicate a boundary dispute. Petitioner did not appeal the dismissal.

[3]On appeal, petitioner argues that he also claimed in his complaint that respondent was responsible for the disappearance of two boundary markers along the western border of its property. Based on our review of the complaint and its attachments, we find that petitioner indicated the location of the missing boundary markers on a map that he attached as an exhibit, but failed to claim that respondent caused their loss in his complaint. Therefore, we decline to address the issue of the boundary markers as it was not adequately presented to the circuit court for a ruling. *See* Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958).

in the form of forage corps harvested from the cultivated fields involved. We must now address the problem, which could be solved by the requested action. If you wish to discuss this matter on[-]site[, I] shall make it a point of my next visit there[.][4]

In its motion for summary judgment, respondent argued that, "assuming all allegations of [petitioner] are true," it was entitled to judgment as a matter of law on his nuisance claim.[5] With regard to the adverse possession claim, respondent argued that the August 1, 2012, letter showed that petitioner recognized the ownership interests of both it and its predecessors-in-title regarding the strip of land along the southern boundary of its property that petitioner was claiming to hold adversely. On April 10, 2016, petitioner filed a response to the summary judgment motion. Following a May 4, 2016, hearing on the motion, the circuit court found that "no genuine issues of material fact exist" regarding petitioner's nuisance and adverse possession claims and awarded respondent judgment as a matter of law by order entered May 22, 2017.[6] Petitioner now appeals this order.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In syllabus point four of *Painter*, we held that "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." 192 W.Va. at 190, 451 S.E.2d at 756.

On appeal, petitioner argues that the circuit court erred in awarding respondent summary judgment on his nuisance and adverse possession claims. We first address the nuisance claim. In syllabus point two of *Bansbach v. Harbin*, 229 W.Va. 287, 728 S.E.2d 533 (2012), we reiterated that "[a] private nuisance is *a substantial and unreasonable interference* with the private use and enjoyment of another's land." (quoting Syl. Pt. 1, *Hendricks v. Stalnaker*, 181 W.Va. 31, 380 S.E.2d 198 (1989)) (emphasis added).

Respondent argues that none of petitioner's complaints alleging the existence of a

---

[4]Petitioner is a resident of the State of New York.

[5]Respondent further argued that petitioner's nuisance claim was barred by the two-year statute of limitations set forth in West Virginia Code § 55-2-12(a).

[6]The circuit court further found that the nuisance claim was time-barred under West Virginia Code § 55-2-12(a). However, having found that the circuit court appropriately granted respondent's motion for summary judgment on the merits of the nuisance claim, *see infra*, we decline to address the issue of the statute of limitations.

nuisance on the western boundary of its property amount to a substantial and unreasonable interference with the use of petitioner's land. Respondent further contends that petitioner's argument that it is interfering with the enjoyment of his property is somewhat unclear given petitioner's verbatim recital of many of the circuit court's findings in respondent's favor. Based on our review of petitioner's brief, we find that, in the two instances where he cites to a legal authority regarding his nuisance claim, he is simply citing part of the circuit court's findings. "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) (citing *State v. Lilly*, 194 W.Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995)). Therefore, we decline to address fallen tree limbs and an alleged invasion by roots as petitioner has failed to present an adequate argument regarding those issues.

Petitioner does state that the circuit court failed to specifically rule on his claim that respondent must remove deer stands from trees near the western boundary line of its property because he does not allow hunting on his farmland. Respondent counters that the circuit court found that all of petitioner's "allegations [were] not a substantial and unreasonable interference with" the use and enjoyment of his property. We note that, in petitioner's complaint, he stated that he could not adequately police the area to ensure that no hunters shoot onto his property. We find that the claim has proven to be no more than speculation because petitioner does not state that he could produce evidence at trial that respondent allows persons using the deer stands on its property to shoot onto petitioner's property.[7] We note that "conclusory speculation" does not create a genuine issue of material fact sufficient to necessitate a trial. *See Gibson v. Little General Stores, Inc.*, 221 W.Va. 360, 364, 655 S.E.2d 106, 110 (2007).

Furthermore, based on our review of the record, we agree with respondent's position that the essence of petitioner's nuisance claim is his contention that insufficient sunlight caused by overhanging trees on respondent's property has resulted in his farmland yielding fewer crops. We find that this claim fails as a matter of law. As respondent notes, the common law doctrine of ancient lights has been abolished in West Virginia. Syl. Pt. 2, *Powell v. Sims*, 5 W.Va. 1 (1871); W.Va. Code § 2-1-2. Though an adjoining property owner may still establish an easement implied by necessity to light and air, such an easement does not exist here because there is no prior common ownership of the parties' properties. Syl. Pt. 4, *Cobb v. Dougherty*, 225 W.Va. 435, 693 S.E.2d 800 (2010) (setting forth the elements required for establishing an easement implied by necessity). So, while *Cobb* recognized that a certain type of an easement to light and air still exists in West Virginia, *see id.* at 444 n.10, 693 S.E.2d at 809 n.10, the legal requirements are not met in this case. Therefore, we conclude that the circuit court did not err in awarding respondent judgment as a matter of law with regard to petitioner's nuisance claim.

We now address petitioner's adverse possession claim. In *Somon v. Murphy Fabrication & Erection Co.*, 160 W.Va. 84, 89, 232 S.E.2d 524, 528 (1977), we noted that the period for holding

---

[7]Petitioner is not clear as to whether a fence presently exists along the western boundary of respondent's property as he indicates that the fence needs to be either repaired or "restore[d]."

4

property under the doctrine of adverse possession "is co-equal to the statute of limitations barring suits for recovery of real property which . . . is ten years." *See* W.Va. Code § 55-2-1. "The law should not allow the land of one to be taken by another, without a conveyance or consideration, merely upon slight presumption or probabilities." *Brown v. Gobble*, 196 W.Va. 559, 564-65, 474 S.E.2d 489, 494-95 (1996). Accordingly, in syllabus point two of *Brown*, we held that "[t]he burden is upon the party who claims title by adverse possession to prove by clear and convincing evidence all elements essential to such title." *Id.* at 561, 474 S.E.2d at 491. Those elements are:

> One who seeks to assert title to a tract of land under the doctrine of adverse possession must prove each of the following elements for the requisite statutory period: (1) That he has held the tract adversely or hostilely; (2) That the possession has been actual; (3) That it has been open and notorious (sometimes stated in the cases as visible and notorious); (4) That possession has been exclusive; (5) That possession has been continuous; (6) That possession has been under claim of title or color of title.

*Somon*, 160 W.Va. at 85, 232 S.E.2d at 525, syl. pt. 3.

Petitioner restates his allegations that he has used a 40 feet wide, 1,010 feet long strip of land along the southern property line for the harvesting of wood and a gas pipeline pursuant to a right-of-way. Respondent counters that petitioner's allegations do not constitute clear and convincing evidence that all the required elements for establishing adverse possession would be proven at trial. With specific regard to the second allegation, we find that the use of the strip of land pursuant to a right-of-way does not satisfy the first element necessary to prove petitioner's claim—that of "hostile" or "adverse" possession—as such use would not be inconsistent with the title of the servient estate's owner. *See id.* at 90, 232 S.E.2d at 528. Finally, to the motion for summary judgment, respondent attached petitioner's August 1, 2012, letter to its president for the purpose of showing that petitioner recognized the ownership interests of both it and its predecessors-in-title regarding the strip of land in question.

In petitioner's response to the motion for summary judgment, he failed to do any of the things that a nonmoving party should do to respond to a well-supported motion for summary judgment. In syllabus point three of *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995), we held:

> If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

Accordingly, we find that the circuit court properly found that there was no genuine issue of a material fact regarding petitioner's adverse possession claim and that respondent was entitled

to judgment as a matter of law. Therefore, we conclude that the circuit court did not err in awarding respondent summary judgment on both of petitioner's claims.

For the foregoing reasons, we affirm the circuit court's May 22, 2017, order granting respondent's motion for summary judgment.

Affirmed.

**ISSUED:** May 18, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

6