No. 14-0212 -       *Jannell Williams, et al. v. Werner Enterprises, Inc.*

**FILED**

March 2, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**Workman, Chief Justice, dissenting:**

Today our Court violates a bedrock principle of our summary judgment jurisprudence: a court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial. Syl. Pt. 3, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). With regard to summary judgment, we have stated that "[t]he essence of the inquiry the court must make is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 61, 459 S.E.2d 329, 338 (1995) (citation omitted.). "In assessing the factual record, we must grant the nonmoving party the benefit of inferences, as '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]'" *Id.* at 59, 459 S.E.2d at 336 (citation omitted).

The majority, sitting as a three-member jury, examined the record and could not uncover the proverbial smoking gun in Werner's documents that prove it had actual knowledge of a *potential* lawsuit against the manufacturer of the tractor-trailer. I emphasize the word potential because there is virtually no way the plaintiffs could have a

1

*pending* lawsuit within 48 hours of the fatal vehicle accident. Undoubtedly, the families were making funeral arrangements while the evidence was being destroyed.

This decision is clearly wrong because it creates a new and unattainable burden on a plaintiff in an intentional spoliation claim. Even more disturbing, the decision sends an iniquitous message: a defendant who rushes to destroy evidence will be rewarded, not sanctioned.

Viewing the record in a light most favorable to the plaintiffs, material issues of fact exist as to whether Werner had actual knowledge of potential litigation involving the tractor-trailer's manufacturer at the time it sent this essential evidence to a landfill. Therefore, the plaintiffs presented sufficient evidence to survive Werner's motion for summary judgment. The majority makes no mention of the findings of Kathleen J. Robison, the plaintiffs' expert on spoliation claims. After reviewing the documents relating to this litigation, Ms. Robison recognized that Werner's accident investigator, Mark Griffith of Crawford and Company, reported to Werner that Mr. Rutledge was trapped inside the truck and conscious before the fire spread and killed him. Ms. Robison determined: "Werner knew truck fires after accidents were rare, and this would have put Werner on notice [that] something could be wrong with the truck." Ms. Robison ultimately concluded that

> [b]ased upon industry investigative and claims handling standards and practices, it was reasonable to anticipate based upon the type of deaths Mr. Williams and Mr. Rutledge endured that litigation would ensue. Due to the deaths of the drivers the tractor-trailer would be key evidence in

2

ensuing litigation and should have been preserved. Werner Enterprises had at the time the professional experience in handling significant tractor-trailer accidents involving significant injuries. It was reasonable for them to anticipate that litigation would ensue and that the tractor-trailer would be prime evidence that must be preserved.

While weighing the evidence, the majority apparently rejected Ms. Robison's conclusions. However, this type of fact-finding is a function of the jury, not a reviewing court.

Based on the circumstantial evidence alone, a reasonable person could conclude that Werner had actual knowledge of potential lawsuits against the manufacturer of the tractor-trailer. In fact, Justice Davis' dissent reveals that Werner is no stranger to claims for spoliation of evidence and other courts have imposed sanctions on Werner for destroying evidence.

I further dissent from the majority's gratuitous suggestion that because the "investigations by a sheriff's deputy and by Werner's adjuster showed the accident resulted exclusively from snow and ice on the roadway[,]" the plaintiffs could not have a potential claim against the manufacturer of the tractor-trailer. This inference misses the point entirely; Mr. Rutledge's *death* resulted from a fire due to a significant diesel fuel leak.

A crashworthiness case involving a motor vehicle is sometimes referred to as a 'secondary impact,' 'second collision,' or 'enhanced injury' case. 62A Am.Jur.2d *Products Liability* § 1020 (1997). This is because a defendant's liability is based on an alleged failure to protect the occupants of a vehicle from the *consequences* of the crash rather than liability for the crash itself.

3

*Estep v. Mike Ferrell Ford Lincoln-Mercury, Inc.*, 223 W.Va. 209, 216, 672 S.E.2d 345, 351 (2009). *See* Syl. Pt. 1, *Blankenship v. General Motors Corp.,* 185 W.Va. 350, 406 S.E.2d 781 (1991) ("A complaint against the seller of a motor vehicle states a cause of action under West Virginia law if the complaint does not allege that a vehicle defect *caused* a collision, but alleges only that the injuries sustained by the occupant as a result of the collision were *enhanced* by a design defect in the vehicle.").

In this case, the plaintiffs' lawsuit against the manufacturer of the tractor-trailer was dismissed on summary judgment because they lacked this critical piece of evidence to determine if a design defect caused this fatal fire. It is patently unfair to now deny the plaintiffs their day in court on their claims against Werner for its intentional spoliation of this evidence. For the foregoing reasons, I respectfully dissent.