# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Adam Davisson and Stacey S. Davisson,**
**Plaintiffs Below, Petitioners**

**vs) No. 13-0378** (Harrison County 12-C-11)

**City of Bridgeport,**
**Defendant Below, Respondent**

**FILED**

**January 15, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioners Adam and Stacey S. Davisson, by counsel Vincent Trivelli, filed a complaint for declaratory judgment challenging the constitutionality of an amendment to an ordinance that assessed a fire service fee upon them. Petitioners appeal the order of the Circuit Court of Harrison County entered March 13, 2013, granting summary judgment in favor of Respondent City of Bridgeport ("City"). The City appears by counsel Norman T. Farley.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners challenge the authority of the City to charge a fee for fire service protection to those who live outside the City limits that is higher than the fee charged to those within the City limits. Petitioners' challenge is to both the authority of the City to impose such a fee and to the reasonableness of the fee. After a careful review of the briefs, the appendix record submitted on appeal, and the pertinent legal authority, we affirm the decision of the circuit court.

### Factual and Procedural History

In July of 2011, the City adopted an amendment to an ordinance to more fairly apportion the cost of providing fire protection services to area residents. This ordinance assessed a fire service fee on "users and beneficiaries" of services provided by the City who reside outside the corporate limits of the City, but who are within what is referred to as a "First Due Area." The City is required to provide emergency service in its First Due Area as designated by the State Fire Commission and the State Fire Marshall. The First Due Area is basically a division of the various parts of Harrison County as allocated by the fire chiefs of all of the volunteer fire departments and the paid fire departments in Harrison County. This ordinance was enacted

1

pursuant to the authority granted in West Virginia Code § 8-13-13,[1] which authorizes a municipality to impose reasonable "rates, fees and charges" upon "users of municipal services." At present, the fire service fee for properties located outside the corporate limits but within the First Due Area is $150 per year for a single family residential unit. The fire service fee for properties located within the City limits is $100 per year for a single family residential unit. Ordinance § 1519.04(a).

Petitioners live within the First Due Area. In October of 2011, the City forwarded correspondence and shortly thereafter a bill for the fire service fee to petitioners. In response, petitioners filed this civil action challenging the constitutionality of the ordinance. In November of 2012, both parties filed motions for summary judgment.

On March 13, 2012, the circuit court granted the City's motion for summary judgment, finding that the fire service fee was lawful and reasonable. The circuit court found that

> a municipality which furnishes any essential or special municipal service, such as fire protection, has plenary power and authority to provide for such service, to make reasonable regulations of the service, and to impose upon the users of the service reasonable rates, fees and charges. The providing of such essential or special municipal services, such as fire protection, is not limited or restricted in any manner to the property in the City limits by W.Va. Code § 8-13-13 or by any of the cases pertaining to the statute. It could be argued that it would be unlawful for the City to provide fire protection service outside the City limits without assessing a fee which bears some reasonable relationship to the value of the service provided. The Ordinance reasonably serves the purpose for which it was enacted by the City and all revenues received under the fire service fee will be used to defray expenses of providing fire service protection to the users of the services. If the City provides fire protection services to buildings and structures outside the City limits, the City must be paid a reasonable fee for such services and the benefits provided by the City. Otherwise, the owners of buildings and structures outside the City limits are unjustly enriched, by receiving fire protection services for which they do not pay, but which services are paid by the

---

[1]West Virginia Code § 8-13-13(a) provides in relevant part:

Notwithstanding any charter provisions to the contrary, *a municipality which furnishes any essential or special municipal service*, including, but not limited to, police and *fire protection*, parking facilities on the streets or otherwise, parks and recreational facilities, street cleaning, street lighting, street maintenance and improvement, sewerage and sewage disposal, and the collection and disposal of garbage, refuse, waste, ashes, trash and any other similar matter, *has plenary power and authority* to provide by ordinance for the installation, continuance, maintenance or improvement of the service, to make reasonable regulations of the service, and *to impose by ordinance upon the users of the service reasonable rates, fees and charges* to be collected in the manner specified in the ordinance. (Emphasis supplied).

taxes and fire service fees paid by residents of the City. The City cannot use its general revenue funds and fire service fees to provide fire service to buildings and structures outside the City limits, unless it receives reasonable payment for such services in exchange for providing such services. As long as the City is required to provide fire protection services in the First Due Area as designated by the State Fire Marshall, the City must be paid a reasonable fee for providing such fire protection services to the users thereof. The alternative could be that the owners of buildings and structures outside the City limits could lose the substantial benefits of fire protection service from the Bridgeport Fire Department.

From this order petitioners pursue the instant appeal.

## Standard of Review

We review a circuit court's entry of summary judgment under a *de novo* standard of review. Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Furthermore,

> "'[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syllabus Point 1, *State v. Paynter,* 206 W.Va. 521, 526 S.E.2d 43 (1999).

Syl. Pt. 1, *Cooper v. City of Charleston*, 218 W.Va. 279, 624 S.E.2d 716 (2005).

## Discussion

On appeal, petitioners offer several assignments of error.[2] However, on our review, we find that this appeal requires the Court to resolve three main issues: (1) whether imposition of the

---

[2]The assignments of error presented by the petitioners are that:

(1) The circuit court erred in relying on facts and evidence not in the record in support of its order.

(2) The circuit court erred in finding that West Virginia Code § 8-13-13 permits a municipality to levy a payment requirement for fire protection on residents outside the jurisdiction of the municipality.

(3) The circuit court erred in finding that the payment requirement at issue meets the standard of law and allows the municipality to impose a payment requirement outside its boundaries.

(4) The circuit court erred in failing to consider West Virginia Code § 8-15-3 as it was utilized by respondent and then discarded as a basis for the enactment of the ordinance at issue.

(5) The circuit court erred in failing to find that the payment at issue was a tax imposed on residents outside of its limits without an opportunity for a vote and thereby deprived petitioners of their rights including their right to equal protection.

fire service fee violated petitioners' right to equal protection and due process under the state and federal constitutions because they could not vote on the charge or for members of city council; (2) whether the charge is an impermissible "tax" as opposed to a permissible "reasonable fee;" and (3) whether West Virginia Code § 8-13-13 permits a municipality to levy a fire service fee on residents outside the jurisdiction of the municipality.

We begin by recognizing that this Court rejected almost identical challenges to a storm-water ordinance service charge in *Shannon, et al. v. City of Hurricane, et al.,* 2012 WL 2914305, No. 11-0257 (Feb. 10, 2012) (memorandum decision). In *Shannon,* three individuals who resided outside the City of Hurricane, but whose properties drain storm-water into the city's storm-water management system, challenged the constitutionality of an ordinance that imposed a storm-water service charge upon them. This Court relied upon the United States Supreme Court's decision in *Holt Civic Club v. City of Tuscaloosa,* 439 U.S. 60 (1978),[3] and we upheld the constitutionality of the ordinance.

Similarly, in the instant case we find that the fire service fee survives the equal protection challenge because it bears a rational relationship to a legitimate state purpose of providing fire protection services. A reasonable way to meet this goal was for the City to impose a fee upon the people who actually benefit from and use the City's fire protection services. Furthermore, petitioners have not suffered a due process violation because they have no right to vote in City elections. *See Holt Civic Club v. City of Tuscaloosa,* 439 U.S. 60, 75 (1978).

---

(6) The circuit court erred in failing to consider or address respondent's imposition of a tax outside of its jurisdiction in violation of the Constitution of the State of West Virginia and in violation of the powers granted by the Legislature to respondent by various provisions of the Code of the State of West Virginia including West Virginia Code § 8-13-13.

(7) The circuit court erred in relying on *Shannon, et al. v. City of Hurricane, et al.,* 2012 WL 2914305, No. 11-0257 (Feb. 10, 2012) (memorandum decision).

[3]In *Shannon, et al. v. City of Hurricane, et al.,* 2012 WL 2914305, No. 11-0257 (Feb. 10, 2012), this Court stated:

In *Holt Civic Club [v. City of Tuscaloosa,* 439 U.S. 60 (1978)], residents of a small, unincorporated area just outside of Tuscaloosa, Alabama, challenged the constitutionality of Tuscaloosa's imposition of police and sanitary regulations and fees upon them because, *inter alia,* they could not vote in Tuscaloosa elections. The Supreme Court held that the non-Tuscaloosa residents did not have a right to vote in Tuscaloosa elections, even though they were governed by the city services ordinances. *Id.,* 439 U.S. at 68-69. Because there was no right to vote in the Tuscaloosa elections, there was no fundamental right at stake and the Supreme Court applied a rational basis analysis. *Id.,* 439 U.S. at 70. The Supreme Court concluded that Tuscaloosa's city services ordinances survived the equal protection challenge because they bore a rational relationship to a legitimate government purpose. *Id.,* 439 U.S. at 70-75.

We also conclude that the fire service fee is a permissible fee as opposed to a tax. "'[T]he primary purpose of a tax is to obtain revenue for the government, while the primary purpose of a fee is to cover the expense of providing a service or of regulation and supervision of certain activities.' *City of Huntington v. Bacon,* 196 W.Va. 457, 467 [466], 473 S.E.2d 743, 753 [752] (1996) (Citation omitted." *Cooper v. City of Charleston,* 218 W.Va. 279, 285, 624 S.E.2d 716, 722 (2005). Although the City may charge higher rates for users living outside the City's limits, the rates must still be reasonable. *See generally West Capital Associates Limited Partnership v. City of Annapolis,* 110 Md.App. 443, 452, 677 A.2d 655 (1996) (noting that it is "well established" that municipalities may charge higher rates for those outside the city limits without discriminating); and *Town of Terrell Hills v. City of San Antonio,* 318 S.W.2d 85, 87 (Tex.Ct.App. 1958) (noting that it is "well established" that a municipality may charge more for utility rates for those living outside the city limits).

In discussing the reasonableness of the fee, the City asserts that literally hundreds of people and property owners living outside the City's limits benefit from the City's fire protection services. The City estimates that twenty-seven percent of the total calls made by the fire department are calls responded to outside the City's limits. The City currently collects fire service fees within its corporate limits which provide approximately twenty-two percent of the funding of the City's fire department's annual budget of $2.7 million. Projected revenues from the fire service fee for property outside the City limits are $200,000, or about seven percent of the total operating budget of the fire department. Therefore, we agree with the circuit court that the amount of the fee is reasonable because it equitably serves the purpose for which it was enacted. Significantly, all revenues generated pursuant to the ordinance will be used to defray expenses of providing fire service protection to the users of those services. Ordinance § 1519.11.

Turning to the remaining issue, we address petitioner's argument that the instant case is distinguishable from *Shannon* because the statute granting municipalities the right to engage in storm-water management activities specifically authorizes the right to engage in those activities up to twenty miles beyond the corporate limits of the municipality. *See* West Virginia Code § 16-13-22. Petitioners contend that the City has no such authority to impose the fire service fee because West Virginia Code § 8-13-13 does not contain similar language authorizing it to impose payment requirements for services provided outside the City's boundaries. We find this argument unpersuasive.

West Virginia Code § 8-13-13 does not, in any respect, restrict the authority of municipalities to impose fees and charges to only those individuals residing within their corporate limits. To the contrary, the City has the statutory authority to provide such services and to impose fees and charges upon the users of the service. There is no statutory impediment to charging a higher rate for those who live outside the city limits and enjoy the benefit of fire protection services. We therefore agree with the circuit court's finding that "[a]s long as the City is required to provide fire protection services in the First Due Area as designated by the State Fire Marshall, the City must be paid a reasonable fee for providing such fire protection services to the users thereof."

We have considered petitioners' remaining assignments of error and find they are without merit. Therefore, we decline to address them.

5

**Conclusion**

For the foregoing reasons, we reject petitioners' constitutional challenges to the ordinance assessing a fire service fee upon them. We agree with the circuit court that the City's fire service fee bears a rational relationship to a legitimate state purpose and that the charge is reasonable. Finally, we find that West Virginia Code § 8-13-13 permits a municipality to assess a fire service fee on users of the service residing outside the jurisdiction of the municipality. We therefore find that the circuit court did not err in granting summary judgment in favor of the City. Accordingly, we affirm.

Affirmed.

**ISSUED:** January 10, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

6