# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Carl Carmichael,**
**Plaintiff Below, Petitioner**

**FILED**

November 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-1216** (Putnam County 13-C-249)

**Enerfab, Inc.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carl Carmichael, by counsel Amy C. Crossan, appeals the order of the Circuit Court of Putnam County, entered on October 15, 2014, granting respondent's motion for summary judgment and denying petitioner's motion for summary judgment. Respondent Enerfab, Inc. appears by counsel Bryan R. Cokeley and Benjamin W. Mounts.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner, through his membership with the International Boilermakers Union Local 667, reported for employment at John Amos Power Plant in Putnam County in September of 2012.[1] During his job orientation, petitioner acknowledged respondent's drug policy, which required that, prior to beginning work, he notify respondent "about any prescription medications that would impair [his] ability to work safely or would show up on a drug test." He further acknowledged that the use of such medication was prohibited without authorization and the completion of a "fitness for duty" form by a physician. However, the acknowledgement form that petitioner completed did not require that he identify a particular drug that he may have been taking, and did not explicitly require the disclosure of any medical condition.

Approximately one month later, petitioner tripped while carrying a beam, causing him to report to the plant nurse for first aid treatment. Pursuant to company policy, he was given a post-accident drug test, which showed the presence of opiates in his system. Petitioner then informed respondent's safety manager that he had a valid, legal prescription for, and was taking, hydrocodone. The safety manager confirmed that petitioner had not previously disclosed that he was taking hydrocodone, and had not presented the required "fitness for duty" form. Respondent

---

[1] It is undisputed that petitioner's employment setting encompassed potential safety hazards, and that the work was "safety-sensitive."

1

terminated petitioner's employment. A few months later, petitioner filed a charge of disability discrimination with the West Virginia Human Rights Commission ("Commission"), and the Commission made a "no probable cause" determination.[2] Petitioner filed his complaint in the Circuit Court of Putnam County on July 30, 2013, alleging that respondent violated the West Virginia Human Rights Act and the federal Americans with Disabilities Act, and invaded his privacy.

The parties filed cross-motions for summary judgment in August of 2014. By order entered on October 15, 2014, the circuit court expressly granted respondent's motion for summary judgment, noting that "the [West Virginia Human Rights Act] does not prohibit employers from making health-related inquiries at the post-employment stage for purposes of determining whether an employee is capable of doing [his] job safely." The court also determined that "none of [respondent's] actions give rise to an actionable claim [for invasion of privacy]." This appeal followed.

On appeal, petitioner asserts three assignments of error. He argues that the circuit court erred in: (1) denying his motion for summary judgment because, at the time of the events giving rise to this action, he was in a period of "pre-employment" and "that the prescription drug policy violated the disability laws and regulations"; (2) granting respondent's motion for summary judgment upon finding that respondent's policy was permitted as sufficiently job-related or as a business necessity; and (3) granting respondent's motion for summary judgment upon finding that petitioner had already begun employment at times relevant to this appeal, because the court, in doing so, made factual determinations.[3] Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is required when the record reveals that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." W.Va. R. Civ. Pro. 56(c); *see also Hager v. Marshall*, 202 W.Va. 577, 505 S.E.2d 640 (1998). In examining a trial court's entry of summary judgment, this Court applies a de novo standard of review. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We proceed to consider petitioner's assignments of error under this standard.

We begin with petitioner's first assignment of error, in which he argues that respondent's inquiry about his prescription drug use occurred prior to the onset of his employment and violated the legislative rule of the West Virginia Human Rights Commission (as well as federal regulations that he describes as "similar"), which provides in part:

---

[2] This is a preliminary ruling on the part of the West Virginia Human Rights Commission. We have held: "A 'no probable cause' determination by the West Virginia Human Rights Commission is not an adjudication on the merits of a discrimination complaint since the parties have not been afforded a public hearing in which to litigate the merits of the facts and issues propounded in the complaint." Syl. Pt. 1, *Jones v. Glenville State Coll.*, 189 W.Va. 546, 433 S.E.2d 49 (1993).

[3] Petitioner asserts that he is a qualified person with a disability because he has a degenerative cervical disc disease and because he has carpal tunnel syndrome.

2

5.1. An employer, labor organization, or employment agency shall not make pre-employment inquiry of an applicant as to whether the applicant has a physical or mental impairment or as to the nature or severity of such impairment, except that an employer, labor organization, or employment agency may make pre-employment inquiries into the ability of a job applicant to perform job-related functions.

5.2. An employer may require a medical examination after an offer of employment has been made to a job applicant and prior to the commencement of the employment duties of such applicant, and may condition an offer of employment on the results of such examination if:

5.2.1. All entering employees are subjected to such an examination regardless of disability; . . .

5.5. After commencement of employee's employment duties, an employer shall not require a medical examination and shall not make inquiries of an employee as to whether such employee has a disability or as to the nature or severity of the disability, unless:

5.5.1. Such examination or inquiry is shown to be job related and consistent with business necessity; . . .

West Virginia Code of State Rules § 77-1-5.1 to 5.5 (1994). The circuit court declined to apply Rule 5.1, inasmuch as it determined that petitioner had assumed employment by the time that he engaged in respondent's orientation. The circuit court further found that respondent's prescription drug-related inquiries were permissible, under the facts presented in this case, in accordance with either West Virginia Code of State Rules § 77-1-5.2 or 5.5.

Petitioner argues that he received respondent's prescription drug disclosure form during a period of "pre-employment" and that respondent thus could make no inquiry of him that would require him to disclose his disability. According to petitioner, respondent "conditions the commencement of employment upon compliance with [its] drug policy and a disclosure of prescription medications[,]" and because petitioner had not yet complied when he acknowledged receipt of the policy at orientation, he was not yet employed at that time. Petitioner further argues that though his termination occurred after his employment commenced, the termination was based on an event that occurred in this pre-employment stage.

We disagree that petitioner was not employed at the time of his orientation. As the circuit court explained, petitioner was paid for the time that he appeared for orientation, and he was under the control of respondent's supervisors while there. Petitioner has put forth no evidence counter to this finding[4], and we find no error in this regard. In parcel of this assignment of error,

---

[4] In fact, petitioner states on the third page of his brief that he was hired by respondent on September 14, 2012.

petitioner goes on to argue that, if he was employed at the time he was asked to disclose his use of medication, respondent's request for disclosure violated West Virginia Code of State Rules § 77-1-5.2 as set forth above because the inquiry impermissibly targeted individuals taking medication. As a result, he argues, individuals with disabilities are disparately impacted by the request. Again, we disagree. The evidence in the record before this Court clearly establishes that all employees were asked to inform respondent if they used medication that "would impair [their] ability to work safely or would show up on a drug test." Thus, respondent's request was permissible because, as the circuit court determined, the "prescription disclosure and physician verification requirements apply equally to all incoming employees in safety-sensitive positions." We thus find no error in this regard.

We turn now to petitioner's second assignment of error, in which he argues that the circuit court erred in resolving the question of whether the prescription drug inquiry was justified as job-related or consistent with business necessity. In the context of the arguments presented herein, this is relevant because West Virginia Code of State Rules § 77-1-5.5 allows an employer to make certain inquiries after the commencement of employment duties if "[s]uch examination or inquiry is shown to be job related and consistent with business necessity." Having found no error in the circuit court's determination that respondent's inquiry was permissible under West Virginia Code of State Rules § 77-1-5.2, discussion about the circuit court's consideration of West Virginia Code of State Rules § 77-1-5.5 (which petitioner has argued cannot apply[5]) would be superfluous. West Virginia Code of State Rules § 77-1-5.2 and West Virginia Code of State Rules § 77-1-5.5 are exclusive of one another; that is, the first applies to employees prior to the commencement of duties, and the second applies to employees who have commenced their duties. We thus decline to address petitioner's second assignment of error.

Finally, we consider petitioner's third assignment of error, wherein he argues that the circuit court made an improper factual determination—specifically, that petitioner had already begun employment when asked to provide information about his drug usage—that was within the province of the jury. The sole facts offered by petitioner to support the argument that he was in the pre-employment stage are derived from his own affidavit, which was drafted more than four months after he gave deposition testimony. The affidavit contained statements indicating that employees were not given federal W-2 tax forms for completion until after attending orientation, and that respondent reserved the right to reject any applicant for employment until that time. We note that the evidence concerning petitioner's employment status is scant in the record before this Court.[6] However, when asked at his deposition, "At the time that you started work at Enerfab, at John Amos in September of 2012, and specifically at the time of the orientation on September 14, 2012, were you taking prescription medications at that time?" petitioner answered, "Yes." We have held:

---

[5] Petitioner argues that respondent's prescription drug inquiry was "[b]y definition, . . . a [Rule] 5.1 or 5.2 exam. It cannot be a [Rule] 5.5 exam as the exam or inquiry would have to occur after starting employment duties."

[6] We also note that petitioner does not dispute the circuit court's finding that he was paid for the time that he attended orientation, or that he was under the control of respondent at the time he did so.

4

"To defeat summary judgment, an affidavit that directly contradicts prior deposition testimony is generally insufficient to create a genuine issue of fact for trial, unless the contradiction is adequately explained. To determine whether the witness's explanation for the contradictory affidavit is adequate, the circuit court should examine: (1) Whether the deposition afforded the opportunity for direct and cross-examination of the witness; (2) whether the witness had access to pertinent evidence or information prior to or at the time of his or her deposition, or whether the affidavit was based upon newly discovered evidence not known or available at the time of the deposition; and (3) whether the earlier deposition testimony reflects confusion, lack of recollection or other legitimate lack of clarity that the affidavit justifiably attempts to explain." Syllabus point 4, *Kiser v. Caudill*, 215 W.Va. 403, 599 S.E.2d 826 (2004).

Syl. Pt. 3, *Tolley v. Carboline Co.*, 217 W.Va. 158, 159-60, 617 S.E.2d 508, 509-10 (2005). Petitioner offers no explanation for the discrepancy between his deposition testimony and the information contained in his affidavit. We therefore find that there was no genuine issue of material fact on this matter (*see* W.Va. R. Civ. P. 56(c); *see also Hager*, 202 W.Va. 577, 505 S.E.2d 640), and the circuit court did not err in making the factual determination that petitioner was not in the pre-employment stage of employment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

5