# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David Joe Robey,**
**Plaintiff Below, Petitioner**

**FILED**

**January 5, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 17-0024** (Harrison County 15-C-448-3)

**Dominion Transmission, Inc.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Joe Robey, by counsel Stephen A. Wickland, appeals the order of the Circuit Court of Harrison County, entered on October 18, 2016, granting summary judgment in favor of Respondent Dominion Transmission, Inc. ("Dominion"). Dominion appears by counsel W. Henry Lawrence and William J. O'Brien.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2004, petitioner purchased from Terry and Wanda Nesler acreage that had, for the prior one-hundred years, been affected by at least twenty-eight leasing and easement agreements between petitioner's predecessors-in-title and Hope Natural Gas ("Hope"). Pursuant to various of these agreements, Hope located a compressor substation on the acreage, together with appurtenances necessary to the operation of the substation.[1] Under the most recent of the leases, executed in 1961, a 45,000 square-foot parcel of the land on which the substation was located ("the parcel") was designated for Hope's use, and Hope was afforded "the free right of ingress and egress to and from said land over existing roads and by extending roads to the property herein demised." The agreement specified that the lease was not to be extended more than fifty years, and petitioner emphasizes that the lease agreement therefore terminated by July 20, 2012.

The Neslers reserved from the 2004 acreage sale to petitioner the 45,000 square-foot parcel that was leased by Hope. The aboveground appurtenances placed by Hope were evident crossing the property purchased by petitioner at the time of the 2004 sale. In 2010, the Neslers sold the 45,000 square-foot parcel to Dominion, and Dominion continued to maintain the

---

[1] Petitioner represents that there are fifty-five "appurtenances" over his property, including a large fire gate, risers, and valves. Otherwise, little detail is offered, and the Court will refer generally, as did the parties, to the appurtenances.

1

aboveground appurtenances and roadways over petitioner's property. Petitioner filed a complaint for declaratory judgment in the Circuit Court of Harrison County on November 4, 2015, seeking a determination that Dominion continued to enter petitioner's property under an invalid or expired lease agreement.

At the close of discovery, both parties filed motions for summary judgment. The circuit court entered an order, on October 18, 2016, denying petitioner's motion and granting summary judgment to Dominion on alternate theories. First, the circuit court found that "the aboveground appurtenances were consistent with the rights of way granted to [Dominion] by [petitioner's predecessors-in-interest]" because "[t]he [twenty-eight] separate right of way agreements generally allow the pipeline to be 'on, over, or through' the subject property." This theory is buttressed, the court found, because petitioner's predecessors-in-title allowed Hope and Dominion to construct and maintain the appurtenances. Alternatively, the circuit court found, Dominion is entitled to a prescriptive easement for its aboveground appurtenances through Hope's and Dominion's continuous, adverse, open, and notorious possession of the property on which the appurtenances were placed. Petitioner later requested amendment of the circuit court's judgment. The circuit court denied that request, and this appeal followed.

On appeal, petitioner asserts four assignments of error: the circuit court erred when it "ignored" the 1961 lease; the circuit court erred when it implied that a right of way for a pipeline gave permission for above-ground appurtenances; the circuit court erred when it labeled the above-ground appurtenances "prescriptive easements"; and the circuit court erred when it permitted respondent to occupy petitioner's land without permission and compensation. Because petitioner raises these assignments of error in response to the grant of summary judgment, our review is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 190, 451 S.E.2d 755, 756 (1994).

The circuit court's key findings indicate that petitioner's property was purchased subject to twenty-eight "recorded easements and agreements relating to natural gas pipeline rights to Hope or its successor in interest," though "latent ambiguity," if any, in the agreements was resolved by the custom and usage of the property over the last century. Petitioner asserts, without citation to the appendix record on appeal, that the twenty-eight agreements on which the circuit court relied do not "specifically mention[] any aboveground appurtenances," and because only the 1961 lease does so, the 1961 lease controls Dominion's use of petitioner's property. Dominion counters, consistent with the circuit court's findings, that "[p]ursuant to the [twenty-eight] recorded easement or right[-]of[-]way agreements, . . . [Dominion] has the right to lay pipelines 'on, over, and through the [s]ubject [p]roperty. . . .'"

The twenty-eight agreements, so central to this matter, are not contained in the appendix record on appeal. Though the appendix record contains the 1961 lease agreement and a few other agreements, in part or whole, petitioner's citations are to pages of deed books in the Harrison County Clerk's Office and not submitted with the appendix record on appeal. Thus, we are unable to determine that the circuit court wrongly assessed the easements or rights-of-way related to the pipelines. As such, we find that there is no evidence that the circuit court "ignored" the 1961 lease or that the circuit court wrongly found that easement or right-of-way agreements permitted the installation of aboveground appurtenances. We will not disturb the circuit court's

2

finding that petitioner's property is subject to express easements or rights-of-way that have been conveyed over the last hundred years.

Having addressed petitioner's first and second assignments of error with the determination that Dominion owns easements "on, over, and through the [s]ubject [p]roperty. . . ," we find it unnecessary to consider whether Dominion has attained an easement by prescription, and there is no question of Dominion's previously-granted right to enter petitioner's property.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 5, 2018

**CONCURRED IN BY:**

Chief Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker