# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Richard Gravely,**
**Plaintiff Below, Petitioner**

**vs)   No. 19-0030** (Kanawha County 18-C-1249)

**Anthony J. Majestro, Marvin W. Masters,**
**and Benjamin L. Bailey,**
**Defendants Below, Respondents**

**FILED**

**December 20, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Richard Gravely, pro se, appeals two orders of the Circuit Court of Kanawha County. In the first order, entered on December 6, 2018, the circuit court awarded Respondents Anthony J. Majestro, Marvin W. Masters, and Benjamin L. Bailey summary judgment on petitioner's claim that they committed legal malpractice. In the second order, entered on January 7, 2019, the circuit court denied petitioner's motion to alter or amend the first order. Respondents, by counsel Eric B. Snyder, Holly J. Wilson, David J. Walters, Richard A. Monahan, and April D. Ferrebee, filed a summary response in support of the circuit court's orders. Petitioner filed a reply and a supplemental reply.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument.[2] Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 1, 2018, petitioner filed a complaint in the Circuit Court of Kanawha County that the circuit court liberally construed as asserting a legal malpractice claim against respondents.

---

[1]We granted petitioner's motion to file a supplemental reply on March 19, 2019.

[2]Given our determination that oral argument would not aid the decisional process, we deny petitioner's March 11, 2019, motion for oral argument.

1

Previously, respondents filed a motion to dismiss petitioner's action against West Virginia American Water Company ("water company") alleging that his drinking water was contaminated by the chemical spill that occurred in Kanawha County in January of 2014. As class counsel in *Good v. West Virginia American Water Company*, No. 2:14-cv-01374, respondents were required to seek the dismissal of petitioner's action by the June 6, 2018, order of the United States District Court for the Southern District of West Virginia, which approved the settlement of the class action and directed that all individual actions by members of the class be dismissed.

The Circuit Court of Kanawha County dismissed petitioner's separate action against the water company, Case No. 14-C-85, on September 28, 2018, and denied his motion to alter or amend the dismissal order on October 2, 2018. In the October 2, 2018, order, the circuit court found that, "[b]ecause [petitioner] did not opt out, object[,] or appeal the class action settlement in [*Good*], he is now bound by its terms, and this [c]ourt no longer has jurisdiction in [petitioner]'s case."[3]

After petitioner filed his instant action against respondents, Case No. 18-C-1249, respondents filed motions to dismiss the action and then filed a motion for a summary judgment on petitioner's claim that they committed legal malpractice. The circuit court held a hearing on various motions on December 3, 2018.[4] The circuit court denied respondents' motion to dismiss petitioner's action as moot because it granted their motion for summary judgment. The circuit court determined that the record did not support petitioner's claim of legal malpractice. The circuit court found that "[petitioner] had a pending individually-filed action related to the chemical spill but did not opt-out of the class [in *Good*] prior to final approval" and that respondents "were obligated to move for the dismissal of petitioner's [separate] case" pursuant to the federal district court's June 6, 2018, order. Accordingly, by order entered on December 6, 2018, the circuit court granted respondents' motion, finding that there were no genuine issues of material fact and that respondents were entitled to summary judgment as a matter of law. Petitioner filed a motion to alter or amend the December 6, 2018, order on December 10, 2018, which motion the circuit court denied on January 7, 2019. Petitioner now appeals the circuit court's December 6, 2018, and January 7, 2019, orders.

We address together the circuit court's award of summary judgment and its denial of the motion to alter or amend the judgment. *See* Syl. Pt. 1, *Wickland v. American Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998) (holding that the denial of a motion to alter or amend judgment is reviewed under the same standard as the underlying judgment). "A circuit court's

---

[3]Petitioner appealed the circuit court's dismissal of his separate action against the water company in *Gravely v. West Virginia American Water Company*, No. 18-0855, but later filed a motion to withdraw his appeal. By order entered on November 21, 2018, we granted petitioner's motion and ordered that the appeal be withdrawn from this Court's docket. We take judicial notice of the record in No. 18-0855.

[4]Petitioner's motion for summary judgment and his motion for leave to amend his complaint were denied, but petitioner does not appeal those rulings.

entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In Syllabus Point 4 of *Painter*, we held that "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." 192 W. Va. at 190, 451 S.E.2d at 756. In Syllabus Point 1 of *Calvert v. Scharf*, 217 W. Va. 684, 619 S.E.2d 197 (2005), we further held that "in a suit against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) the attorney's employment; (2) his/her neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff."

On appeal, petitioner argues that he was not a member of the class in *Good*. We find that the circuit court properly rejected this argument as "contradictory at best and fallacious at worst."[5] As accurately explained by the circuit court, petitioner "claims that he is not a class member while simultaneously claiming that class counsel owed him professional duties." Based upon our review of the record, we find that petitioner failed to opt out of the class in *Good* prior to the federal district court's final approval of the settlement. As a result, petitioner became bound by its terms. We further find that the district court's June 6, 2018, order required respondents to seek the dismissal of petitioner's separate action against the water company. Therefore, we determine that petitioner cannot show that respondents breached any duty allegedly owed to him. Accordingly, we conclude that the circuit court did not err in finding that there were no genuine issues of material fact and that respondents were entitled to summary judgment as a matter of law.

For the foregoing reasons, we affirm the circuit court's December 6, 2018, order, awarding respondents summary judgment and its January 7, 2019, order denying petitioner's motion to alter or amend the judgment.

Affirmed.

---

[5]Respondents argue that "petitioner has a history of filing frivolous civil actions." *Gravely v. Mullins*, No. 17-0298, 2017 WL 5509928, at *3 n.4 (W. Va. Nov. 17, 2017) (memorandum decision). In *Gravely v. Mullins*, we found that petitioner's claim to have found witnesses to an alleged collision was "dubious" and affirmed the circuit court's dismissal of his civil action as a sanction for serious litigation misconduct. *Id.* at *3-4. In *Gravely v. Wilson*, No. 15-1110, 2016 WL 4579073 (W. Va. Sept. 2, 2016) (memorandum decision), we affirmed the dismissal of petitioner's action alleging that his insurer violated his right to a jury trial by settling a claim that arose out of an earlier accident and relieving him of liability. In *Gravely v. Macy's*, No. 11-0892, 2012 WL 5232248 (W. Va. Oct. 19, 2012) (memorandum decision), we affirmed the dismissal of petitioner's action for malicious prosecution against a department store, which successfully prosecuted him for shoplifting.

**ISSUED:** December 20, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison


**DISQUALIFIED:**

Justice Margaret L. Workman

**NOT PARTICIPATING:**

Justice Tim Armstead

4