# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 27, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DEBORAH KNOTT-WESSELLS,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-337**          (Cir. Ct. Jefferson Cnty. Case No. CC-19-2023-C-137)

**AMY BOWMAN and**
**the ESTATE OF TOM KNOTT/BOWMAN,**
**Defendants Below, Respondents**


## MEMORANDUM DECISION


Petitioner Deborah Knott-Wessells appeals the July 29, 2024, order of the Circuit Court of Jefferson County. In that order, the circuit court granted summary judgment in favor of Respondents Amy Bowman and the Estate of Tom Knott/Bowman and held that the Last Will and Testament of Thomas Knott was valid and enforceable. Ms. Bowman and the Estate of Tom Knott/Bowman jointly filed a response in support of the circuit court's order.[1] Ms. Knott-Wessells filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bowman and the decedent Thomas Knott were duly and legally married on September 11, 2017, in Jefferson County, West Virginia. During their marriage, Ms. Bowman and Mr. Knott co-owned several restaurants and a home in Washington, D.C., before relocating to West Virginia. Additionally, Ms. Bowman and Mr. Knott owned several parcels of real estate in Jefferson County, West Virginia. Petitioner Deborah Knott-Wessells is the estranged sister of Mr. Knott.

Mr. Knott passed away on February 1, 2023. Mr. Knott died testate as evidenced by his Last Will and Testament executed on October 14, 2022. The Will is handwritten, and states as follows:

---

[1] Ms. Knott-Wessells is self-represented. Ms. Bowman and the Estate of Tom Knott/Bowman are represented by Eric S. Black, Esq.

1

I Thomas Stanley Knott III, being of sound mind, want my wife Amy Anne Bowman to inherit all of my possessions when I die including

-122 West German Street and 123 West Back Alley in Shepherdstown, WV.
-My one-third portion of 1471 West Washington St in Harpers Ferry, WV.
-Our three vehicles 2019 BMW, 2006 BMW, 1978 Ford F150 Ranger.
-Sports cards and memorabilia.
-Everything in our bank accounts and safety deposit box.
-Our joint accounts at Edelman Financial, JSB, and Bank of America/Merrel.
-All items in our private residence and in our vacation rental units.

The Will is signed by Mr. Knott, witnessed by two individuals, and notarized by a licensed Notary Public. Affidavits by the witnesses both state that Mr. Knott was of sound mind and memory at the time of execution of the Will. On May 5, 2023, the County Commission of Jefferson County, West Virginia, entered a Probate Order admitting the Last Will and Testament of Mr. Knott. The Probate Order was recorded in the records of the Jefferson County Clerk on May 5, 2023, at Book No. 37, Page 195.

On August 4, 2023, Ms. Knott-Wessels filed her Petition & Complaint in the circuit court. The complaint generally sought to invalidate the Will on the basis that it did not contain appropriate language to make it a valid Will. The complaint further asserted that Ms. Bowman concealed Mr. Knott's death from, and was rude and insulting to, Mr. Knott's family. The complaint sought "25% of the whole Estate of Tommy Knott that is at least $2 million dollars or more[.]"

Thereafter, Ms. Bowman moved to dismiss, which the circuit court denied by holding that Ms. Knott-Wessells "has sufficiently, albeit in conclusory terms, set forth a plausible cause of action." The circuit court ordered the testamentary documents to be filed, which they were on January 17, 2024. Ms. Bowman then filed her answer and counterclaim for declaratory judgment seeking to have the court determine that Mr. Knott's Will was valid.

On June 12, 2024, Ms. Bowman moved for summary judgment. On July 29, 2024, the circuit court entered the order on appeal. In that order, the circuit court granted summary judgment in favor of Ms. Bowman on the basis that the Will was properly executed pursuant to West Virginia Code § 41-1-3 (1882), Mr. Knott had no probate assets, and even if the Will were set aside, Ms. Bowman would inherit all of Mr. Knott's estate pursuant to intestate succession.

Our review of a circuit court's entry of summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting a de novo review, this Court applies the same standard for granting summary judgment that a circuit court

must apply: "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *United Bank, Inc. v. Blosser*, 218 W. Va. 378, 383, 624 S.E.2d 815, 820 (2005) (quoting *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, Syl. Pt. 2).

On appeal, Ms. Knott-Wessells does not specifically assert assignments of error, in violation of Rule 10(c)(3) of the West Virginia Rules of Appellate Procedure.[2] Nevertheless, Ms. Knott-Wessells generally asserts that the circuit court erred by not invalidating the Will. However, Ms. Knott-Wessells lacks standing to pursue such claim because even if the Will were set aside, Ms. Knott-Wessells would still not be entitled to the relief she seeks. *See* Syl. Pt. 5, in part, *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 84, 576 S.E.2d 807, 811 (2002) ("it must be likely that the injury will be redressed through a favorable decision of the court.")

Pursuant to West Virginia Code § 42-1-3(a)(1) (1993), the share of a surviving spouse of the decedent is the entire intestate estate of the decedent if "[n]o descendant of the decedent survives the decedent[.]" Here, it is undisputed that the decedent, Mr. Knott, had no children and therefore Ms. Bowman, as his surviving spouse, would inherit Mr. Knott's entire intestate estate if the Will were set aside.[3] Accordingly, since Ms. Knott-Wessells' alleged injury cannot be redressed by a favorable decision by the circuit court, Ms. Knott-Wessells lacked standing to pursue her claim, and the circuit court did not err in granting summary judgment against her.[4]

---

[2] While the failure to assert assignments of error can be fatal to appellate review, *See Wilson v. Kerr*, No. 19-0933, 2020 WL 7391150, at *2 (W. Va. Dec. 16, 2020) (memorandum decision), here, the simplicity of Ms. Knott-Wessells' case is easily distinguishable from the complexity of the *Wilson* case where our Supreme Court of Appeals noted that the number of named defendants alone underscored the need for a clear recitation of the asserted error.

[3] While Ms. Knott-Wessells argues that she is entitled to a share of the intestate estate if the Will were set aside, she misunderstands our laws of intestate succession. Under the facts of this case, if any part of the intestate estate did not pass to the surviving spouse and there were no descendants and no parents of Mr. Knott to inherit such part of the estate, only then would the intestate estate or any part thereof go to "the descendants of the decedent's parents or either of them by representation." W. Va. Code § 42-1-3a. However, here, as outlined above, the surviving spouse, Ms. Bowman, would inherit the entirety of the intestate estate if the Will were set aside.

[4] Ms. Knott-Wessells makes various other arguments, including that some properties may have been titled in Ms. Bowman's mother's name and not the decedent's

3

Therefore, based on the foregoing, the July 29, 2024, order of the Circuit Court of Jefferson County is affirmed.

Affirmed.

**ISSUED:** June 27, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

mother's name; that the motion for summary judgment was in violation of the circuit court's scheduling order; and generally, that the circuit court erred by denying various motions. However, Ms. Knott-Wessells does not cite to the record or elaborate as to how these arguments amount to error. Pursuant to Rule 10(c)(7) the Court disregards these arguments as not adequately supported by specific references to the record on appeal.