# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 8, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**B.R.,**
**Plaintiff Below, Petitioner**

**vs.) No. 22-ICA-202**      (Cir. Ct. Kanawha Cnty. No. 18-C-670)

**WEST VIRGINIA DEPARTMENT OF**
**HEALTH AND HUMAN RESOURCES,**
**BUREAU FOR CHILDREN AND FAMILIES,**
**and CHILD PROTECTIVE SERVICES**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner B.R. appeals the Circuit Court of Kanawha County's September 26, 2022, order.[1] The respondents, West Virginia Department of Health and Human Resources, Bureau for Children and Families, and Child Protective Services (collectively "DHHR") timely filed a response.[2] B.R. did not file a reply. The issue on appeal is whether the circuit court erred in granting summary judgment to DHHR on B.R.'s claim of negligence.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The Family Court of Grant County awarded Carol R. ("Aunt") and Mark R. ("Uncle") custody of B.R. and her siblings by final order entered February 24, 2005, when B.R. was an infant. The underlying civil action arises from DHHR's investigation of allegations of abuse of B.R. by Aunt and Uncle while in their custody.

---

[1] Consistent with West Virginia practice in cases with sensitive facts, we use initials to protect the identities of those involved. *See*, *B.J.R. v. Huntington Alloys Corp.*, No. 20-0548, 2022 WL 123125, at *1 n.1 (W. Va. Jan. 11, 2022) (memorandum decision); *see also* W. Va. R. App. P. 40.

[2] B.R. is represented by Christopher T. Pritt, Esq. DHHR is represented by Julie Meeks Greco, Esq.

1

CPS received the first referral regarding B.R. on May 20, 2013. A reporter alleged that B.R., who was then fifteen, had been physically abused by Aunt and Uncle after they discovered she had been riding to school with a boy without permission. CPS accepted the referral for investigation and assigned the investigation to CPS Worker Ashley Zirk. The referral required Ms. Zirk to have contact with B.R. within seventy-two hours. Ms. Zirk had face to face contact with B.R. and interviewed her at school on May 22, 2013. Following the interview, Ms. Zirk determined there was no evidence of maltreatment or risk to B.R. or her siblings and concluded that the allegations were unsubstantiated.

On April 14, 2014, CPS received another referral, in which it was reported that Uncle allegedly raped B.R. The referral was accepted and assigned to CPS Worker Brandi Lee, who made same day contact with B.R. and investigated the allegations. Ms. Lee determined that there was evidence that maltreatment occurred and took emergency custody of B.R. and her siblings.

On May 21, 2018, B.R. filed her underlying complaint, asserting negligence and that the DHHR violated West Virginia Code § 49-2-802(c)(3)(2018).[3] B.R. alleged that between 2010 and 2013, CPS received several reports from school personnel and others that B.R. was in imminent danger and endured abuse while in Aunt and Uncle's custody. B.R. further alleged that the DHHR owed her a duty to keep her safe and secure, timely respond to claims of child abuse, adequately train and supervise employees regarding child abuse and neglect scenarios, and adequately staff its workforce. The complaint averred that the DHHR failed to perform a thorough investigation of the reports of abuse and neglect and failed to conduct a face-to-face interview and develop a protection plan. By order entered November 20, 2018, the circuit court granted the DHHR's motion to dismiss, holding that the DHHR was entitled to qualified immunity. B.R. appealed to the Supreme Court of Appeals of West Virginia.

On appeal, the Supreme Court reversed the circuit court's order in *B.R. v. West Virginia Department of Health and Human Resources*, No. 18-1141, 2020 WL 6043852 (W. Va. Oct. 13, 2020) (memorandum decision), and remanded the case for further proceedings, concluding that B.R. had identified West Virginia Code § 49-6A-9 as a clearly established law that DHHR violated, which precluded qualified immunity at the pleading stage. The Supreme Court found that the circuit court did not explicitly address the question of whether the statutory provision rose to the level of a clearly established right and remanded the case to circuit court for further consideration of whether the claims raised by B.R. rose to the level of a violation of a clearly established right.

_____

[3] B.R. previously filed a complaint against DHHR in 2016, in which she alleged a count of negligence but did not allege a violation of a statutory right. That complaint was dismissed by the circuit court, and the dismissal was affirmed by the Supreme Court of Appeals of West Virginia in *B.R. v. West Virginia Dep't of Health and Hum. Res.*, No. 17-0564, 2018 WL 2192480 (W. Va. May 14, 2018) (memorandum decision).

On remand, the circuit court granted DHHR's motion for summary judgment and again found that DHHR was entitled to qualified immunity. The circuit court found that B.R. did not develop any evidence regarding the training and supervision that DHHR provided to its employees. Further, the circuit court concluded that B.R. failed to demonstrate that the DHHR's conduct in handling the reports of alleged abuse and neglect violated a "clearly established statutory or constitutional right or law" which is necessary to defeat the defense of qualified immunity. The circuit court found that DHHR's acts in responding to reports of child abuse and neglect all involve discretionary child welfare functions. The circuit court stated that merely asserting that an abstract right had been violated is insufficient to show a violation of a clearly established right. Based on the foregoing, the circuit court ruled that DHHR was entitled to qualified immunity. It is from this order that B.R. now appeals.

This court accords a plenary review to the circuit court's order granting summary judgment. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Further, with respect to qualified immunity, our Supreme Court has held that:

> "The ultimate question of whether qualified or statutory immunity bars a civil action is one of law for the court to determine. Therefore, unless there is a bona fide dispute as to the foundational or historical facts that underlie the immunity determination, the ultimate questions of statutory or qualified immunity are ripe for summary disposition." Syl. Pt. 1, *Hutchison v. City of Huntington*, 198 W. Va. 139, 479 S.E.2d 649 (1996).

Syl. Pt. 3, *W. Va. Reg'l Jail and Corr. Facility Auth. v. A.B.*, 234 W. Va. 492, 766 S.E.2d 751 (2014).

On appeal, B.R. argues that the circuit court erred in granting summary judgment against her because she properly pled a violation of a clearly established statutory right, in her assertion that DHHR violated West Virginia Code § 49-6A-9, which would overcome qualified immunity. For the reasons mentioned below, we find that the circuit court did not err in granting summary judgment and that B.R. failed to satisfy the heightened pleading requirement to defeat qualified immunity.

The relevant statutory language, found in West Virginia Code § 49-6A-9,[4] provides that the DHHR shall:

---

[4] This code provision was recodified as W. Va. Code § 49-2-802(c)(3) in 2015. Although B.R. initially pled a violation of W. Va. Code § 49-2-802, our Supreme Court

Upon notification of suspected child abuse or neglect, commence or cause to be commenced a thorough investigation of the report and the child's environment. As part of this response, within fourteen days there shall be a face-to-face interview with the child or children and the development of a protection plan, if necessary, for the safety and health of the child, which may involve law-enforcement officers or the court.

Further, our Supreme Court has held that:

In the absence of an insurance contract waiving the defense, the doctrine of qualified or official immunity bars a claim of mere negligence against a State agency not within the purview of the West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29-12A-1, *et. seq.*, and against an officer of that department acting within the scope of his or her employment, with respect to the discretionary judgments, decisions, and actions of the officer.

Syl. Pt. 6, *Clark v. Dunn*, 195 W. Va. 272, 465 S.E.2d 374 (1995).

Our Supreme Court has also held that:

To the extent that governmental acts or omissions which give rise to a cause of action fall within the category of discretionary functions, a reviewing court must determine whether the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive in accordance with *State v. Chase Securities, Inc.*, 188 W. Va. 356, 424 S.E.2d 591 (1992). In absence of such a showing, both the State and its officials or employees charged with such acts or omissions are immune from liability.

Syl. Pt. 11, *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 234 W. Va. 492, 766 S.E.2d 751 (2014).[5]

_____

noted in *B.R.*, 2020 WL 6043852, at *2 n.4 that the applicable version of the Code is § 49-6A-9, which was in effect during the time period referenced in B.R.'s complaint.

[5] This Court appreciates the gravity and seriousness of the allegations brought by B.R.; however, as the Supreme Court of Appeals concluded in *Gillespie*, - "[a]lthough we are struck by the resoundingly devastating facts of this case, we are bound to faithfully apply the law. And, as we have discussed in two previous cases, skeletal assertions are

4

Upon our review of the record, we agree with the circuit court's determination that B.R.'s allegations against DHHR failed to satisfy the heightened pleading requirement to defeat qualified immunity. Vague allegations that an abstract right has been violated are insufficient to preclude qualified immunity. Further, our Supreme Court has stated that "there is no dispute that the investigative process of DHHR in child abuse and neglect proceedings requires the exercise of discretion." *Crouch v. Gillespie*, 240 W. Va. 229, 234, 809 S.E.2d 699, 704 (2018). The record demonstrates that CPS workers met with B.R. in person within the allowed statutory timeframe each time that a referral was received regarding B.R. or her siblings. Further, B.R. did not develop evidence regarding her claim of negligent training and supervision of DHHR employees. There is no evidence in the record that shows fraudulent, malicious, or oppressive conduct by DHHR. Here we conclude, based upon the record, that the DHHR employees were acting within the scope of their employment in making discretionary judgments regarding B.R.'s case. Thus, DHHR is entitled to qualified immunity, and the circuit court did not err in granting DHHR's motion for summary judgment.

For the foregoing reasons, we affirm the Circuit Court of Kanawha County's September 26, 2022, order granting summary judgment to the DHHR.

Affirmed.

**ISSUED:** February 8, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

insufficient to strip DHHR of qualified immunity[.]" *Gillespie*, 240 W. Va. at 238, 809 S.E.2d at 708.