# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**November 7, 2024**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DAVID WEST, AS EXECUTOR OF THE ESTATE OF JAMES L. SINE,**
**Defendant Below, Petitioner**

**v.)  No. 24-ICA-34**          (Cir. Ct. Tyler Cnty. Case No. CC-48-2020-C-44)

**RICHARD L. ARMSTRONG,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

In this appeal, Petitioner, David West, as Executor of the Estate of James L. Sine ("the Estate"), argues that the Estate is the proper owner of 100% of the oil and gas interest underlying a tract of 32.395 acres (the "Subject Tract") in Tyler County, West Virginia. In a 1905 Deed, the owners of the Subject Tract conveyed a one-half interest in the oil and gas. However, the Estate argues that the deed includes limiting language under which the one-half interest reverted to the original owners after twenty-five years. As the successor in interest to the original owners, the Estate now claims ownership of the entire oil and gas interest. Respondent, Richard L. Armstrong ("Mr. Armstrong"), argues the limiting language in the deed only applies to a specific provision in the deed, not the conveyance of the one-half interest in the oil and gas. Mr. Armstrong argues the deed conveyed a permanent one-half interest in the oil and gas, which he now owns. In the January 19, 2024, order now on appeal, the Circuit Court of Tyler County found the 1905 deed is unambiguous and it conveyed a permanent one-half interest in the oil and gas, which Mr. Armstrong now owns.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 12, 1876, Robert K. Eberhart purchased an eighty-three-acre tract of land in Tyler County, West Virginia. This tract included the 32.395-acre Subject Tract. On

---

[1] The Estate is represented by Edmund L. Wagoner, Esq. and Matthew B. Hansberry, Esq. Mr. Armstrong is represented by Denali S. Hedrick, Esq., Brian R. Swiger, Esq., Jonathan R. Marshall, Esq., John A. Budig, Esq., and William E. Ford, III, Esq.

1

April 1, 1905, Robert K. and Elizabeth Eberhart (the "Eberharts" or "Grantors") conveyed the "undivided one-half of the oil and gas in and under" the Subject Tract to Hugh B. Kane, E. L. Carson, and Frank Wester (the "Grantees") for consideration of $1000. This transaction for a severed one-half interest in the oil and gas (the "Severed Interest") was formalized by deed (the "1905 Deed"):

> THIS AGREEMENT, Made this First day April, 1905, between R. K. Eberhart and Elizabeth Eberhart his wife of the first part, hereinafter called grantors and Hugh B. Kane and E. L. Carson & Frank Wester of the second part, hereinafter called grantees
>
> WITNESSETH: That grantors in consideration of One Thousand Dollars, the receipt whereof is hereby acknowledged, hereby grants and conveys, with covenants of general warranty unto grantees, their heirs, personal representatives and assigns, the undivided one-half of the oil and gas in and under the following tract of land in Meade District, Tyler County, W. Va., containing Thirty acres, more or less and bounded as follows:
>
> On the North by lands of Public Road
> On the East by lands of E. B. Long
> On the South by lands of Snodgrass Brothers
> On the West by lands of S. E. Eberhart
> SUBJECT Only to any valid existing lease for oil and gas purposes, hereby granting to grantees the one-half (1/2) part of the royalty and rents reserved under such lease while the same remains in force.
>
> If the first well drilled on said premises produces ___ barrels per day, for thirty consecutive days after its completion, grantee agrees to pay grantor the sum of ___ Dollars additional for this grant and conveyance. For the term of 25 years from the date hereof or so long thereafter as oil or gas may be produced in paying quantities.

Upon this conveyance of the Severed Interest, the Grantors retained ownership of the surface of the eighty-three-acre tract—including the surface of the Subject Tract—and the other one-half interest in the oil and gas underlying the Subject Tract. For simplicity, this combined interest in the surface and oil and gas will be referred to as the "Surface Interest."

The chain of title after the 1905 Deed is not substantially in dispute on appeal. It is undisputed the Estate now holds the Surface Interest. It is also undisputed Mr. Armstrong's mother purchased a mineral interest underlying the Subject Tract at a 2008 tax sale, and Mr. Armstrong inherited whatever interest she purchased. The Estate does not dispute that, to the extent the 1905 Deed permanently conveyed the Severed Interest—rather than only conveying it temporarily as the Estate contends in this appeal—Mr. Armstrong's mother validly purchased the Severed Interest through the 2008 tax sale, and he inherited it.

Mr. Armstrong initiated the proceedings below by filing a complaint for declaratory judgment that he was the owner of 100% of the oil and gas interest underlying the Subject Tract. However, he abandoned his claim to ownership of any more than the one-half Severed Interest in the oil and gas, and the case was ultimately narrowed to the Estate's counterclaim that it owned 100% of the oil and gas under the Subject Tract.

In the counterclaim, the Estate alleged that the final sentence of the 1905 Deed— "For the term of 25 years from the date hereof or so long thereafter as oil or gas may be produced in paying quantities."—is a temporal limitation on the Deed's conveyance of the Severed Interest. Under this reading, the 1905 Deed only conveyed the Severed Interest to the Grantees temporarily, until either the end of the twenty-five-year term, or at the time after that when oil or gas ceased to be produced on the Subject Tract in paying quantities. The Estate alleged that this limitation caused the Severed Interest to revert to the owners of the Surface Interest—the Grantors or their successors in interest—on April 1, 1930, the end of the twenty-five-year term.[2] The Estate alleged that, as the successor in interest to the Grantors and the current owner of the Surface Interest, it holds the entire interest in the eighty-three-acre tract, including the disputed Severed Interest.

The parties filed cross-motions for summary judgment on the Estate's counterclaim. On December 19, 2023, the circuit court held a hearing on the pending motions. On January 19, 2024, the circuit court entered its Final Judgment Order. The circuit court found that the 1905 Deed is unambiguous but rejected the Estate's argument that the last sentence is a limitation on the entire conveyance. Instead, the court found that the limiting sentence only applies to the provision in the immediately preceding sentence in the deed's final paragraph, which provides "If the first well drilled on said premises produces ___ barrels per day, for thirty consecutive days after its completion, grantee agrees to pay grantor the sum of ___ Dollars additional for this grant and conveyance." As the limiting language only applies to this provision regarding potential additional payments, instead of limiting the conveyance of the Severed Interest, the circuit court found that the 1905 Deed conveyed the Severed Interest permanently.

Pursuant to this determination, the circuit court found that under the undisputed chain of title, each party owned a one-half interest in the oil and gas underlying the Subject Tract. The circuit court granted Mr. Armstrong's motion for summary judgment on the counterclaim and denied the Estate's motion for summary judgment. It is from this January 19, 2024, order that the Estate now appeals.

"'A circuit court's entry of a declaratory judgment is reviewed *de novo*.' Syllabus Point 3, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995)." Syl. Pt. 1, *City of*

---

[2] The Estate alleged that because no oil and gas was produced from the Subject Tract after April 27, 1920, the additional language allowing the term to extend beyond twenty-five years if oil and gas was still being produced in paying quantities was not triggered.

*Martinsburg v. Berkeley Cnty. Counc.*, 241 W. Va. 385, 825 S.E.2d 332 (2019). Our appellate review of a circuit court's order granting summary judgment is *de novo*. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

The Estate raises a single assignment of error: that the circuit court erred in finding that Mr. Armstrong owns the one-half Severed Interest in the oil and gas under the Subject Tract. The Estate contends that the 1905 Deed is unambiguous and that under an application of the plain language, the final sentence of the deed must be read as a temporal limitation of the conveyance of the Severed Interest, not as a limitation only on the provision in the immediately preceding sentence. Under that reading, the Severed Interest reverted to the Grantors or their successors in interest and passed with the Surface Interest, which is currently held by the Estate. Though the Estate argues that the 1905 Deed is unambiguous, it contends that if the Court considers extrinsic evidence, it must still reach the same conclusion.

We begin our analysis with an examination of the pertinent language of the deed at issue and a determination of whether that deed is ambiguous. In Syllabus Point 3, *Faith United Methodist Church & Cemetery of Terra Alta v. Morgan*, 231 W. Va. 423, 745 S.E.2d 461 (2013), the Supreme Court of Appeals of West Virginia ("SCAWV") succinctly held that "[d]eeds are subject to the principles of interpretation and construction that govern contracts generally." Further, the *Faith* Court found, at syllabus point 7, that "[i]t is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them." *Id.* (quoting Syl. Pt. 3, *Cotiga Dev. Co. v. United Fuel Gas Co.*, 147 W. Va. 484, 128 S.E.2d 626 (1962))

The SCAWV has also recognized that "[w]hen a deed expresses the intent of the parties in clear and unambiguous language, a court will apply that language without resort to rules of interpretation or extrinsic evidence." *Gastar Expl. Inc. v. Rine*, 239 W. Va. 792, 798–99, 806 S.E.2d 448, 454–55 (2017). The *Gastar* Court reasoned as follows:

> [i]n construing a deed, will, or other written instrument, it is the duty of the court to construe it as a whole, taking and considering all the parts together, and giving effect to the intention of the parties wherever that is reasonably clear and free from doubt, unless to do so will violate some principle of law inconsistent therewith. A valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent.

*Id.* at 799, 806 S.E.2d at 455 (internal citations omitted). Based upon our review of the record, we find the 1905 Deed between the Eberharts and Hugh B. Kane, E. L. Carson, and Frank Wester is unambiguous.

4

The first paragraph of the 1905 Deed is straightforward and simply defines the Eberharts as the Grantors, and Kane, Carson, and Wester as the Grantees. The second paragraph defines the conveyance:

> WITNESSETH: That grantors in consideration of One Thousand Dollars, the receipt whereof is hereby acknowledged, hereby grants and conveys, with covenants of general warranty unto grantees, their heirs, personal representatives and assigns, the undivided one-half of the oil and gas in and under the following tract of land in Meade District, Tyler County, W. Va., containing Thirty acres, more or less and bounded as follows:
> On the North by lands of Public Road
> On the East by lands of E. B. Long
> On the South by lands of Snodgrass Brothers
> On the West by lands of S. E. Eberhart

We find this paragraph is also clear. Indeed, the Estate does not dispute that, absent the Court's acceptance of the Estate's interpretation that the last sentence of the Deed is a limitation on the conveyance, this paragraph conveys a permanent one-half interest in the oil and gas underlying the Subject Tract.

The third paragraph explicitly conditions the conveyance, providing that it is "SUBJECT Only to any valid existing lease for oil and gas purposes, hereby granting to grantees the one-half (1/2) part of the royalty and rents reserved under such lease while the same remains in force." Notably, by opening with the words "subject only," this paragraph clearly indicates that the condition in that paragraph is the only limitation on the conveyance.

The final paragraph provides an additional provision, under which the Grantees could have been obligated to provide the Grantors with additional payment:

> If the first well drilled on said premises produces ___ barrels per day, for thirty consecutive days after its completion, grantee agrees to pay grantor the sum of ___ Dollars additional for this grant and conveyance. For the term of 25 years from the date hereof or so long thereafter as oil or gas may be produced in paying quantities.

As the circuit court concluded, Grantors and Grantees' failure to fill in the blanks in the first sentence of this paragraph indicates they did not intend to make this additional payment provision effective. As to contested limiting language in the final sentence, we find that it is unambiguous that it is a temporal limitation only on the ineffective provision regarding additional payments in the immediately preceding sentence, not on the conveyance of the Severed Interest set forth earlier in the deed. *Cf. McIntosh v. Vail*, 126 W. Va. 355, __, 28 S.E.2d 95, 96 (1943) (finding that the final sentence of a paragraph in

5

a deed was "not an independent provision" but instead limited the provision in the prior sentence).

The Estate argues that the only way for the Court to give effect to every provision of the deed would be to read the final sentence as a temporal limitation on the conveyance, not the additional payment provision. The Estate claims that the Court's reading requires the Court to read out the words "first well" and "paying quantities" from the final paragraph, reasoning that "because we know the first well could only produce sufficient oil to trigger the additional payment provision if it also commences production in paying quantities, the drilling of that first well could not take place at some remote time when production is maintained by production paying quantities." Essentially, the Estate argues that the limitation cannot be practically applied to the additional provision, and thus should be read as a limitation on the conveyance.

We disagree. While claiming that the 1905 Deed is unambiguous, the Estate invites the Court to assume additional facts about when the first well on the Subject Tract must have been drilled and completed. The Estate also asks the Court to speculate on the number of barrels per day that would have triggered the additional payment, had the Grantors and Grantees completed that provision. We decline to do so, or to alter the plain reading of the deed because the Estate believes that the limiting language associated with the incomplete additional provision is unusual or impractical. Moreover, the Estate's reading would require this Court to negate the clear intent of the third paragraph of the 1905 Deed, which specifically provides that the conveyance of the Severed Interest is "subject only" to any valid existing lease for oil and gas purposes.

The Estate also cites to the SCAWV's decision in *Cofield v. Antero Resources Corporation*, in which the Court found that a reservation of mineral interests set forth in a deed was limited by temporal language. *See* No. 21-0164, 2022 WL 1715170 at *1-2 (W. Va. May 27, 2022) (memorandum decision). However, *Cofield* is clearly distinguishable. In the deed at issue in that case, the grantor reserved mineral interests in property conveyed. *Id.* at *1. However, in the same sentence reserving the interests, the deed provided that the reservation was "for a period of twenty years from the date of this deed." *Id.* As discussed above, the relevant limiting language in the 1905 Deed is not part of the paragraph defining the conveyance, nor is it part of the paragraph specifically setting forth the only limitation to which the conveyance was subject. Accordingly, *Cofield* does not support the Estate's argument.

For the first time in its reply,[3] the Estate contends that the Court should not assign any weight to the fact that the disputed limiting sentence is the second sentence in the

---

[3] In its reply brief, the Estate also claims that it was improper for Mr. Armstrong to argue in the alternative that, should the Court find that the 1905 Deed is ambiguous, it must

paragraph setting out the incomplete additional payment provision. The Estate asserts that "in 1905, deeds were recorded by hand into the record books by a deputy clerk" and that "[w]e presume the clerk copied the spacing and punctuation used in the original, but we have no way of knowing." Again, because we find that the deed is unambiguous, the Court declines to speculate on drafting errors that would necessitate extrinsic evidence to address.

Based on the foregoing, we affirm the January 19, 2024, order of the Circuit Court of Tyler County.

Affirmed.

**ISSUED:** November 7, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge  Daniel W. Greear

---

still rule in his favor based on the extrinsic evidence. Because we find that that the 1905 Deed is unambiguous, these arguments are moot.

7